# Coleman *et al. v.* Ormond.

### *Action on Official Bond of Register in Chancery.*

1. *Official bond of register in chancery; liability of sureties for moneys collected by him as custodian, or special receiver.*—Under our practice and laws, the duties which, in England, pertained to masters and registrars in chancery, are blended, and devolved on the register, and he is the proper person to be appointed the custodian, or special receiver, of a fund or choses in action in court ; and for moneys received by him in that capacity, and not accounted for, the sureties on his official bond as register are responsible.

APPEAL from the Circuit Court of Greene.

Tried before the Hon. LUTHER R. SMITH.

The facts of this case were thus stated in the opinion of the court, as delivered by BRICKELL, C. J.:—

" William F. Pierce, having been appointed register of the Chancery Court of Greene county, on the 22d day of July, 1872, executed a bond, payable and with condition as required by law, for the faithful performance of his duties as such register, in which the appellants and others joined as his sureties. Prior to, and at the time of his appointment, there was pending in said court a cause, entitled, according to the transcripts found in this record, '*Mary G. Pickens v. H. L. Goodrum,*' in which was involved a trust fund that had come into the custody of the court. The predecessor in office of said Pierce had been appointed custodian of this fund, and charged with the duty of collecting a debt due to it ; the chancellor, in the order of appointment, styling him the register of the court, and directing him to act as '*special receiver*' in the cause. At the time of Steele's resignation as register, he had instituted a suit at law for the collection of the debt aforesaid, which was pending in the Circuit Court of Tuscaloosa county. On the 28th November, 1872, in term time, in the cause aforesaid, the chancellor ordered that Pierce, '*as register, be appointed special receiver* by virtue of his said office, with full power and authority to demand, sue for, and collect all or any part of said trust fund, by suit or otherwise, as may become necessary; and that Steele, as former receiver, *report and account to and with said Pierce, for all moneys or effects which may have come to his hands belonging to said trust fund.*' At the succeeding term of the court, Pierce, as register and receiver, reported to the court that he had received a net amount of four hundred and thirty dol-

[Coleman et al. v. Ormond.]

lars, on the judgment in the aforesaid suit; and he was ordered to loan the same, on good security by mortgage, if practicable, within thirty days, and if not, to deposit the same in the National Bank of Gainesville. Soon thereafter, Pierce died, not having loaned or deposited the money; and this suit was instituted for its recovery, against the appellants, as sureties on his official bond. The defendants requested the court to instruct the jury, that if Pierce was appointed receiver, and in that capacity received and held the money, they, as sureties on his official bond, were not responsible for it. This instruction was refused, and an exception taken. There are demurrers to the complaint, and to a special plea filed by the defendants, and exceptions to the admission of evidence, involving the same question involved in the instruction refused."

THOMAS W. COLEMAN, and E. MORGAN, for appellants.— Sureties have a right to stand on the terms of their contract, and it can not be changed without their knowledge and consent; nor are they responsible for any default of their principal, in respect of matters without the scope of his legitimate duties.—29 Ala. 165. Here, the sureties contracted for the faithful discharge by their principal of " the duties of the office of register as required by law." The register is a recognized officer of the court, and his duties are defined by law.—Rev. Code, § 725. A receiver is a special officer of the court, and subject to its orders.—25 Ala. 104. He is an extraordinary officer, appointed in a particular case, and his duties, rights, and liabilities grow out of the order appointing him, or subsequent orders of the court.—2 Dan. Ch. Pr. 1736. If the court may appoint its own register as receiver, and thereby impose additional duties on him, it can not make his sureties as register responsible for his faithful discharge of these additional duties. To allow this to be done, would add to the condition of the bond another stipulation—that the register shall also faithfully discharge the duties of receiver, in all cases in which he may be appointed by the court, as those duties may be defined by the order appointing him, or modified by any subsequent order or decree in the particular case. But for the statute defining the legal effect of official bonds (Rev. Code, § 169), which is a part of the bond itself, the legislature could not impose new duties on the officer, and bind his sureties for their faithful performance. The authorities are against the power of the court to impose the duties of a receiver on the register.—High on Receivers, p. 56, § 71; *Waters v. Carroll,* 9 Yerger, 102; *Hammer v. Kaufman,* 39 Illinois, 87.

[Coleman et al. v. Ormond.]

W. &. J. WEBB, *contra.*   (No brief on file.)

BRICKELL, C. J. (After stating the facts.)—The question presented, decisive of the cause, is, whether the Court of Chancery could properly commit to Pierce, as register, the duty of collecting and receiving money, on choses in action, which were under its control, and whether a liability for his fidelity in this respect falls within the obligation and condition of his official bond.  We lay no stress on the fact that, in the order charging him with the duty, he is styled as special receiver.  As register, he is charged with the duty, and it is from the nature and character of the duty, and not from this designation, that we must determine whether he is subjected to liability in his official capacity.

It is the general principle of the common law, that a public officer, and the sureties on his official bond, are responsible for his acts done by virtue, or under color, or by means of the office he holds.—Burge on Suretyship, 49.   The principle is declared, and extended by our statute beyond nonfeasance, or misfeasance, to malfeasance under color of office. Code of 1876, § 179;  *Governor v. Hancock,* 2 Ala. 728;  *McElhaney v. Gilleland,* 30 Ala. 183;  *Kelly v. Moore,* 51 Ala. 364. But, for acts not within the line of official duty and authority, not under color of office, he may incur personal, not official responsibility;  and in that personal responsibility, the sureties on his official bond are not involved.—Addison on Con. § 1117;  1 Chit. Con. 762.   The principle at common law was, also, that when the suretyship related to a particular office, it extended only to such things as were included in the office when the bond or engagement was entered into;  and the surety could not be made answerable for additional duties subsequently imposed.—1 Chit. Con. 765;  *Morrow v. Wood,* at the last term.   Sureties, like all other parties, have the right to stand upon the contracts they make ;  and there can be no change, no enlargement of their liability, without their consent.   This rule of the common law is now changed; or, rather, the condition and obligation of official bonds have been enlarged, so as to embrace not only performance of the duties required by law when the bond is executed, but such as may be required by a law subsequently enacted.   It is, however, only by a subsequent law, and not by the act of individuals, or the judgment or decree of any court, that additional duties may be imposed, or existing duties enlarged, involving in liability the sureties on his official bond.

In our system of chancery practice, the duties of a registrar, and of a master in chancery, as they were known in the practice of the English Court of Chancery, are blended, and

devolved on the register.—Code of 1876, § 634. There are duties devolving on him, not expressly defined and declared by statute, or by the rules of practice which have been prescribed by this court; but by the practice of the court from its earliest organization, which has prevailed so long, and has been so uniformly acted on, that it has become the law of the court. Of these duties is that of receiving and holding funds which are brought into court, until the court shall order their disposition. Whether money is paid into court as a tender, or otherwise, in the first instance, it is a necessity that it should be intrusted to the register, There is no other officer so completely under the control of the court, and none within the scope of whose authority it would lie to receive it.

A receiver is defined as an indifferent person between the parties to a cause, appointed by the court to receive and preserve the property or fund in litigation *pendente lite*, when it does not seem reasonable to the court that either party should hold it. He is an officer of the court, and the property or funds in his possession are regarded as in the custody of the court.—High on Receivers, § 1. His functions and duties are entirely distinct from those of a master, or registrar in chancery, in the practice of the English courts, and from the ordinary duties and functions of the register in our system of practice. The rule in England was, that a master in chancery could not be a receiver. There are many reasons rendering the two offices incompatible here, though sometimes the register has been charged with duties ordinarily appertaining to a receiver. The fund paid into court may be small, and placing it in the custody of a receiver would involve its diminution in costs. There would often be much difficulty in procuring a suitable person, for the small compensation it would yield, to take charge of it, and give a bond as receiver. In such cases, there being no serious incompatibility in duty, the register, who is to act under the eye of the parties in interest, and under the immediate supervision of the court, and who has already given bond for his fidelity, has been required to perform the duties which ordinarily devolve on a receiver—the holding of the funds, or, if deemed advisable, loaning them, until the court shall decree to whom they must be paid. It was in view of this practice, the order appointing Pierce, and denominating him special receiver, by virtue of his office as register, was made.

There was not, as is argued, a new office created by the order of the court, and attached to the office of register, nor were the functions and duties of register and receiver blended. The funds were in court, in the custody of the predecessor

in office of Pierce, in obedience to the well-established practice, who was charged with the duty of reducing the choses in action into money. These duties devolved on Pierce, *eo instanti* his appointment. The statute gave him a summary remedy to compel his predecessor to deliver to him the funds, whether of money or choses in action, if on demand he refused so to do.—Code of 1876, §§ 206-213.

The sureties on an official bond of an officer of court are answerable for the performance, not only of the duties which the statutes may expressly declare he must perform, but also such duties as by the long and established practice of the court he has been required to perform. There is no statute expressly declaring that a register may receive money in satisfaction of a decree rendered by the court; yet, it is the practice for him to receive it, and authority to receive may be implied from the requisition on him to give notice of its collection. So, it is contemplated that he will receive money paid into court, and a summary remedy is given against him and his sureties for its recovery, if he fails to pay it over.—Code of 1876, § 3378. The only duty Pierce ever performed under the order of court, was that of receiving money, which of necessity had to be paid into court; a duty peculiarly appertaining to the office of register, and not to a receiver. In the character of receiver, so far as that character could in any event be regarded as devolved on him, he performed no duty; and for the money he received we have no doubt of the liability of the sureties on his bond as register.

It is not necessary to examine separately the several rulings of the Circuit Court, for we are satisfied that there is nothing in them prejudicial to the appellants. Affirmed.