(Heard v. Harris.]

# Heard *v.* Harris.

*Action for False Imprisonment.*

| 68 | 43 |
| 109 | 87 |
| 68 | 43 |
| 113 | 331 |

1. *Justice of the peace; technical accuracy not required in proceedings before.*—In judicial proceedings before a justice of the peace, technical accuracy is not required; and, when collaterally assailed, if their meaning can be satisfactorily ascertained, imputing to the words used their ordinary signification, and no want or excess of jurisdiction appears, they must be sustained.

2. *Same; acting in official capacity not liable for damages.*—A justice

[Heard v. Harris.]

of the peace is within the general principle which holds a judicial officer, when acting in his official capacity, not liable to a civil action for damages at the suit of the aggrieved party; and when such an action is brought against him, the question for decision is not whether his acts were lawful, but whether he had jurisdiction of the person and of the subject matter.

3. *Same ; jurisdiction appearing, not liable for damages.*—Where a person complains, on oath, before a justice of the peace, "that A. B. has threatened and laid hands of violence on him, and that he fears and does believe that the said A. B. will kill him, from the fact that his life was already endangered from a wound inflicted by the said A. B.; whether this be construed to charge an assault and battery, or to show a necessity for proceedings to keep the peace, it gives the justice jurisdiction of the subject matter, and authorizes him to issue his warrant for the arrest of the person complained of ; and the warrant having been executed, and the defendant brought before him, it is his duty to investigate the charge; and if in his judgment, from the evidence adduced, there is reason to fear that the defendant will commit an offense on the person complaining, to require him to find sureties to keep the peace, and to commit him to jail until such sureties are given; and his jurisdiction thus appearing on the face of the proceedings, defects in the mittimus are mere irregularities, and cannot subject him to a civil action for damages after the defendant has obtained his discharge on *habeas corpus.*

APPEAL from the Circuit Court of Perry.

Tried before the Hon. GEORGE H. CRAIG.

The facts are sufficiently stated in the opinion of the court.

MODAWELL & WALTHALL, and JAMES F. BAILEY, for appellant.—A justice of the peace is not liable to a civil action for errors of judgment on the trial of a cause within his jurisdiction, nor is he liable for irregularities in process issued by him as such justice.—*Irvin v. Lewis,* 56 Ala. 190 ; *Hamilton v. Williams,* 26 Ala. 527 ; *Busteed v. Parsons,* 54 Ala. 393 ; 2 Sanders Pl. & Ev. 613 ; *Weaver v. Devendorf,* 3 Denio, 117 ; *Floyd v. Barker,* 12 Rep. 23 ; *Linning v. Bentham,* 2 Bay, 1 ; *Yates v. Lansing,* 9 Johns, 414; *Pratt v. Gardner,* 2 Cushing, 68 ; *Steele v. Dunham,* 26 Wisconsin, 396 ; *Yates v. Lansing,* 5 Johns. 282 ; *Wilson v. The Mayor,* 1 Denio, 599 ; *Cunningham v. Bucklin,* 8 Cow. 178 ; *Barhyte v. Sheppard,* 35 N. Y. 242 ; Broom's Leg. Max. m. p. 62 ; *Jordon v. Hansen,* 49 N. H. 202 ; *Little v. Moore,* 1 Southard, 74 ; *Phelps v. Sill,* 1 Day, 328 ; *Parmalo v. Baldwin,* 1 Conn. 317 ; *Peake v. County,* 1 McCord, 106 ; *Clarke v. Spicer,* 6 Kansas, 440; *Kennedy v. Barnett,* 64 Pa. 141 ; *Kelly v. Dresser,* 11 Allen, (Mass.) 31 ; *Downing v. Herrick,* 47 Maine, 462 ; *Downer v. Lent,* 6 Cal. 94 ; *Alexander v. Card,* 3 R. I. 145 ; *Evans v. Foster,* 1 N. H. 377 ; 1 Chitty's Pl. 68 ; 13 Wallace, 350.

In the case of *Hammond v. Howell,* 1 Mod. 184, 2 Mod. 218, the court held, that the bringing of the action was a greater offense than the imprisonment of the plaintiff, for it was a

[Heard v. Harris.]

bold attempt, both against the government and justice in general.

In *Taaffe v. Downes*, in Ireland in 1813, Mr. Justice MOYNE, said : "If you once break down the barrier of the dignity of our courts, and subject them to an action, you let in upon the judicial authority a wide, wasting and harrassing prosecution, and establish its weakness in a degrading responsibility." And the Justice observed, that no action of the kind was ever sustained, and save one in London and one in Ireland, none was ever attempted. This case is given in a note in 3 Moore's Privy Council Cases, 41.

The complaint, the warrant of arrest, and the *mittimus* issued by appellant as justice of the peace, are defective in form, but these defects are mere irregularities, and such defects in form are declared to be mere irregularities by this court in the case of *Ex parte Henry Sanvin*, 51 Ala. 34 ; *Wyman v. Campbell*, 6 Porter, 237.

BROWN & HOGUE, for appellee. (No briefs on file.)

BRICKELL, C. J.—This was an action for false imprisonment, in which the appellee was plaintiff, and the appellant was defendant. The special pleas, to which demurrers were sustained, justify the acts complained of, upon the ground that they were judicial, done by the defendant, while in the exercise of his jurisdiction as a justice of the peace. The material facts, as shown by the pleadings and evidence, are, that on the 14th November, 1878, one Zebadee Harris, on oath complained to the appellant as a justice of the peace, that the appellee had threatened and laid hands of violence on him, and that he feared and did believe the appellee would kill him, from the fact that his life was already endangered from a wound inflicted by the appellee. On this complaint the appellant, as justice, issued a warrant commanding the arrest of the appellee, reciting that he was charged with threatening, and laying hands of violence on said Zebadee, endangering his life. The appellee was arrested, an examination was had, and it was adjudged that the appellee should find sureties in the sum of one thousand dollars, to keep the peace for and during the term of twelve months, towards all the people of this State, and particularly towards said Zebadee Harris. Failing to find such sureties, the appellant issued a *mittimus*, in the following terms :

"State of Alabama, Perry county. To the jailor of said county : On the examination of William F. Harris, charged with the offense of laying hands of violence upon the person of Zebadee Harris, and having injured him by a wound in-

[Heard v. Harris.]

flicted upon Z. Harris so that Z. Harris says that his life is in danger; it appearing that such offense has been committed, and there is sufficient cause to believe that Wm. F. Harris is guilty thereof, you are hereby commanded to receive him into your custody, and detain him until he gives and executes a bond of $1,000.00, with good and sufficient surety, or until he is legally discharged. Given under my hand, this 16th day of November, 1878." (Signed,) "Jesse M. Heard, justice of the peace."

The appellee was committed to jail, and confined for two days, when he was liberated on *habeas corpus*.

Justices of the peace are clothed with a large civil and criminal jurisdiction; the one limited by the amount in controversy; the other, by the character of the proceedings and the nature of the offense charged. The civil jurisdiction is derived from the Constitution, though legislation is necessary to render its exercise effectual. The general assembly have power to confer on them (which has been exercised), final jurisdiction of misdemeanors by express provision of the Constitution; and independent of express constitutional provision, they have from the earliest history of the State government, conferred on them jurisdiction of *quasi* criminal proceedings, such as the requisition of sureties to keep the peace, search warrants, &c. So as conservators of the public peace, they have been clothed with jurisdiction to inquire into the commission of all offenses, whether of misdemeanor, or of felony, and when there is probable cause to believe an offense has been committed, and the person charged is guilty thereof, to hold him to answer before the proper tribunal having final jurisdiction. They are elected by the voters residing in the different precincts of the county, and learning in the law is not declared a qualification for the office. The confidence of the voters, in their integrity, impartiality, intelligence, and sound judgment, moves to their election. No judicial officers are drawn so closely into dealing with the every day affairs and transactions of all classes of the community; and if technical accuracy in their proceedings was exacted, unnecessary litigation would be encouraged, distrust of the operation and validity of their judgments would be introduced, and their usefulness as judicial officers impaired, if not destroyed. When reading all their proceedings in a particular matter in connection, and giving to their words the signification which would be ordinarily imputed to them when employed in the like connection, the meaning can be satisfactorily ascertained, and there is no want or excess of jurisdiction, and the proceedings are collaterally assailed; they must be supported, though if the form prescribed by the

[Heard v. Harris.]

statutes had been pursued, there could not have been room for doubt or uncertainty. Their proceedings cannot be directly assailed for irregularity—all irregularity is harmless, because when the judgment rendered is presented on appeal for revision, the whole matter is opened, and the cause is tried *de novo*, as if it was an original proceeding in the appellate court to be heard and tried on its merits, without an inquiry into the manner of its introduction. The present proceedings, it may be admitted, are in a very questionable shape; are wanting in clearness and accuracy, and manifest a negligence in the observance, or in the expression of the observance of the statutes, which is to be regarded. Yet, we cannot doubt, that they disclose that they were had on a complaint intended to charge, and which the appellant in his judicial capacity, accepted and construed as charging the appellee, with having threatened, or being about to commit an offense on the person of Zebadee Harris. Of such a complaint the appellant, as justice, had jurisdiction, and it was within his jurisdiction to issue thereon a warrant for the arrest of the appellee. The warrant having been executed, and the appellee being personally present, it was the duty of the appellant to hear evidence on both sides, and if from the evidence, there was in his judgment just reason to fear that the appellee would commit an offense on the person complaining, to require from the appellee sureties to keep the peace. If sureties were not given, it was a duty to commit the appellee to jail until they were given, "specifying in the warrant of commitment the cause thereof, the time he is required to keep the peace, and towards whom particularly, as also the sum in which security is required."—Code of 1876, §§ 4025–35.

It is certainly the settled law of this State, that for acts done in a judicial capacity, a judge, whether of a court of general, or of inferior jurisdiction, shall not be made answerable in a civil action at the instance of a party claiming to be aggrieved thereby.—*Busteed v. Parsons*, 54 Ala. 303 ; *Irvin v. Lewis*, 56 Ala. 190 ; *Woodruff v. Stewart*, 63 Ala. 206. This is no more than a repetition of an ancient maxim of the common law, said to be as old as the law itself, that such as are made judges, shall not be criminally accused, nor made liable for that which as judges they may do. In the practical application of the maxim, individuals in particular instances may suffer irreparable injury. But the injury cannot be redressed, without subjecting the community at large to evils which cannot be borne, if the community is not reduced to anarchy. Whether it be true or not, the personal protection the maxim affords, is confined when the authority of an inferior judicial officer like a justice of the peace is drawn in

[The N. O. & S. R. R. Co. and Im. Ass'n et al. v. Jones.]

question, to matters within their jurisdiction ; or whether he is entitled to protection because he may have erroneously adjudged he had jurisdiction ; and whether at his peril, he adjudges that question, we do not consider. The inquiry is not in any case whether the act done was lawful, but it is whether at the time ·· was done, there was jurisdiction of the person and of the subject matter. ·· ·· to the person, there can be no question of the jurisdiction of the justice in this case. The appellee was before him ; and whether the charge was of an assault and battery, or of a necessity that the prevention of a breach of the peace should be guarded against, the appellant had jurisdiction of the subject matter. Whether it was the one, or the other, the appellant had jurisdiction and was bound to adjudge. Whether he erred in adjudging it the one, or the other, is immaterial. It was an error of judgment, and protection against errors of judgment, is the immunity the law affords him.— *Craig v. Barnett*, 32 Ala. 728. The jurisdiction appearing on the face of the proceedings, the issue of a *mittimus* not corresponding to the terms of the statute, is error and irregularity, which cannot convert the appellant into a trespasser.

It is obvious the Circuit Court erred in sustaining the demurrer to the special pleas, and in refusing on request to charge the jury the appellee was not entitled to recover.

Reversed and remanded.