# Carter Brothers & Co. *v.* Ellis, Thomas & Hill.

*Statutory Trial of Right of Property in Stock of Goods.*

1. *Levy of attachment by special constable.*—Under statutory provisions relating to the appointment of special constables and the levy of attachments by constables (Code, §§ 840, 2956), a special constable has no authority to levy an attachment which is returnable to the Circuit Court. (Explaining and qualifying *Brinsfield v. Austin,* 39 Ala. 227.)

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. JAMES B. HEAD.

The appellants in this case, suing as partners, commenced an action against A. T. Palmer, by attachment sued out before a justice of the peace, on the 27th February, 1888. By indorsement on the writ of attachment, the justice appointed and deputized O. B. Williamson as special constable to levy it; and it was levied by him, on the same day, on a stock of goods then in the possession of said Palmer. The debt claimed by the plaintiffs was $163, and the attachment was made returnable to the next term of the Circuit Court. On the 29th February, Palmer sold and transferred the goods to Ellis, Thomas & Hill, "in consideration of their releasing their debt against him for $500, to the extent of $241.15," the estimated value of the goods; and it was admitted that the sum so allowed as a credit, $241.15,. "was a fair and reasonable price for the goods." The constable "was induced by said Ellis,

[Carter Brothers & Co. v. Ellis, Thomas & Hill.]

Thomas & Hill, and by said A. T. Palmer, to turn said goods over to said Ellis, Thomas & Hill; and this was done without the knowledge or consent of plaintiffs." The purchasers at once took possession of the goods, "and deposited them with the express company for shipment;" but, at a late hour during the night of said 29th February, the sheriff levied an attachment on them, which the plaintiffs had that day sued out, on their same debt against Palmer, before the clerk of the Circuit Court, returnable to that court. On the next day, March 1st, a claim was interposed to the goods by Ellis, Thomas & Hill, and bond given for a trial of the right of property. On the trial of the issue between the parties, the plaintiffs asserted the liability of the goods, as the property of Palmer, to the levy of their said attachments, and the claimants relied on their purchase from Palmer. The court charged the jury, on request, that they must find for the claimants, if they believed the evidence. The plaintiffs excepted to this charge, and they here assign it as error.

LANE & WHITE, for appellants.

W. T. COFER, and SMITH & LOWE, contra.

McCLELLAN, J.—We are not inclined to disturb the authority of the case of *Peebles v. Weir*, 60 Ala. 416, as to the competency of a special constable to levy an attachment issued by a justice of the peace, and returnable to the Circuit Court, for an amount greater than the justice's jurisdiction, and not in excess of the bond required to be given by constables. For many years—at least as far back as 1838—justices of the peace have had authority to issue attachments for sums exceeding their final jurisdiction, and make them returnable into the Circuit Court. But prior to the act of February 5, 1856 (Acts 1855-6, p. 18), there was no law authorizing a constable to levy such an attachment, as was held in *Martin v. Dollar*, 32 Ala. 422, in reference to a levy made by a constable in 1838. That act, which now constitutes section 2956 of the Code, authorized such levies to be made by "the constable of the beat in which said process may issue, *provided* the amount shall not exceed the amount of the constable's bond." Many reasons may readily be conceived for confining the power thus extended to bonded officers. The duty imposed involved liability extraordinary in character and amount, as compared with that attaching to the execution of the usual process issuing out of justice's courts, and to which the statute authorizing service by deputies (Code, § 840) applies. It is

[Burrus v. Meadors.]

very clear to our minds that the legislative intent to afford parties aggrieved by the malfeasance or misfeasance of a constable, charged with this extraordinary duty, recourse upon his bond, and to allow none except the regular constable—a bonded officer—to levy the writ, fully appears on the face of the enactment. It follows that, in our opinion, the case of *Peebles v. Weir, supra,* which involved a levy by a special deputy, was properly decided; and so, also, was the case of *Brinsfield v. Austin,* 39 Ala. 227, though the reasoning of the learned judge who delivered the opinion in the case last named, proceeds on the unfounded assumption that a bonded constable was not authorized to levy such an attachment.

The levy in this case, made by a special deputy, was therefore void, and the officer was a mere trespasser. The sale by the defendant to the claimants, Ellis, Thomas & Hill, after such abortive levy, and before the levy made by the sheriff, was valid; and on this view of the case alone, if not also on the ground that the first levy was abandoned, the court below properly gave the affirmative charge for the claimants.

The judgment of the Circuit Court is affirmed.