# Stallings, *et al. v.* Gilbreath.

*Action Against Constable and Others as Joint Tort-Feasors.*

(Decided April 28, 1906. 41 So. Rep. 423.)

1.  *Appeal; Record; Bill of Exceptions.*—This court cannot review on appeal, the ruling of the trial court upon a motion for discontinuance, unless the motion, or the grounds thereof, the court's ruling and an exception thereto, is presented by the bill of exceptions.

[Stallings, et al v. Gilbreath.]

2. *Judgment; Conclusiveness; Matters Concluded.*—In an action for wrongful seizure under execution, a judgment on a claim of exemptions for the goods alleged to have been wrongfully seized, in favor of the execution defendant, is conclusive.

3. *Appeal; Harmless Error; Trial.*—Error in respect of an issue on which the plaintiff is entitled to the affirmative charge, is without injury to defendant.

4. *Justices of the Peace; Liability; Execution; Wrongful Levy.*—Where the constable made a wrongful levy, and was told by the justice of the peace to make the levy on the goods, and was influenced thereby, the justice of the peace was liable as a joint tort-feasor, whether he was acting in his official capacity or otherwise.

5. *Same; Levy of Execution; Exempt Property.*—Where the justice of the peace instructed the constable as to his duties to sell property levied on, the justice is not liable for the wrongful sale unless the constable was influenced by the instruction to make the sale.

6. *Sheriffs and Constables; Liability; Sale of Exempt Property.*—Where the property levied on was the property of the plaintiff, and was sold after the filing, but before the trial, on an exemption claim interposed by plaintiff (defendant in execution), this was a conversion of the property by the officer and all others who aided, assisted or encouraged him in making the sale.

7. *Execution; Wrongful Levy; Acts Constituting.*—Persons authorizing an officer to make a wrongful levy, but having nothing to do with the levy or seizure, are not liable as trespassers.

8. *Trover and Conversion; Acts Constituting.*—Persons who participate in the sale of property wrongfully levied on are guilty of conversion though not liable as trespassers.

APPEAL from Marshall Circuit Court.

Heard before HON. W. W. HARALSON.

Action by J. W. Gilbreath against Will Stallings and others.

This was an action against Will Stallings upon his official bond as marshall and ex-officio constable for damages for the wrongful levy upon goods belonging to the plaintiff. E. O. McCord and J. T. Hamrick were made parties defendant as joint tort-feasors. The evidence necessary to an understanding of the opinion is sufficiently stated therein.

[Stallings, et al v. Gilbreath.]

The defendant requested the following written charges, which were refused: "(1) The court charges the jury that if they believe the evidence they cannot find the issues against defendant McCord on the court in trespass. (2) The court charges the jury that if they believe the evidence they cannot find the issues aganst defendant Hamrick on the count in trespass. (3) The court charges the jury that if they believe the evidence they cannot find the issues against defendant McCord on the count in conversion. (4) The court charges the jury that if they believe the evidence they cannot find the issues against defendant Hamrick on the count in conversion. (5) The court charges the jury that if they believe the evidence they cannot find the issues in favor of the plaintiff on the count in conversion. (6) The court charges the jury that if they believe the evidence they cannot find the issues in favor of the plaintiff on the count in trespass. (7) The court charges the jury that, unless they are convinced to a reasonable certainty that all of the defendants and each of them are guilty of the wrong complained of, they must find the issues in favor of the defendants. (8) The court charges the jury that before they can, under the evidence, find the issues in favor of the plaintiff, they must be satisfied to a reasonable certainty that the defendants are jointly liable for the wrongs complained of in each count in the complaint. (9) The court charges the jury that if they find, under the evidence, that either or any of the defendants are not guilty of the wrong complained of, they must find the issues in favor of the defendants. (10) The court charges the jury that before they can, under the evidence, find a joint verdict in favor of the plaintiff and against the defendants, they must be reasonably satisfied that the wrongs complained of were jointly committed."

The plaintiff requested the following written charges, which were given: "(1) The court charges that the law presumes that a person in possession of property claiming it as his own is its owner, and any one who asserts the contrary must prove it by the evidence which convinces the jury to a reasonable certainty. (2) If the

property sued for was the property of the plaintiff, then the sale of the property after the filing of the claim of exemptions before the trial of the exemption claim would be conversion of the property by the officer and by all the others who aided, assisted, or encouraged the officer in making the sale. (3) The court charges the jury that if Biddle loaned Gilbreath $50, with the understanding that Gilbreath should pay hm one-half of the profits in place of interest, then this did not constitute a partnership, and in that event your verdict must be for the plaintiff, and his damages are the value of the property sued for, with interest down to the time of the trial. (4) The court charges the jury that, if Hamrick instructed Stallngs to sell the property after the filng of the claim of exemptions, then he was acting outside the duties of his office as justice of the peace, and, if the property sued for was the property of the plaintiff, then your verdict must be for the plaintiff against Mr. Hamrick. (5) The court charges the jury that, unless the defendants have proven to a reasonable certainty that W. S. Biddle was a partner with plaintiff, then you must find for the plaintiff. (6) If Stallings wrongfully converted the property sued for, then Hamrick would be equally liable if, when the replevy bond was given, he said to Stallings, 'Now you got a bond, so go ahead and sell the goods,' or words to that effect; and if, influenced thereby, Stallings went ahead and converted the plaintiff's property by selling the same, then your verdict should be against Hamrick also. (7) The court charges the jury that if Gilbreath was in possession of the property sued for, claiming it as his own at the time of the levy, this is prima facie proof of his title; and if defendant insists that any one else owned said property, or any part thereof, or any interest therein, the burden is on the defendant to prove the fact to a reasonable certainty."

E. O. McCord, for appellants.—The insolvency of Gilbreath & Co., W. F. Biddle and J. W. Gilbreath should have been permitted to go to the jury.—*Leffier v. Lehman Durr Co.*, 57 Ala. 533. Defendant McCord should

have been permitted to testify as to the conversation had with Gilbreath. A client cannot close his attorney's mouth as to conversations had with him when it is necessary to divulge such conversations, for the protection of such attorney or those for whom he deals.—23 Am. & Eng. Ency. of Law, 2 Ed. 79; *Nave v. Baird,* 12 Ind. 318; *Koeber v. Somara,* 108 Wis. 507; *Mitchell v. Bamberger,* 2 Nev. 345; *Rochester v. Suydem,* 5 How. 254. The evidence also tended to show that plaintiff and Biddle were engaged in the perpetration of a fraud, and the communication therefore was not privileged.—29 S. W. 172; *Hammel v. England,* 50 Mo. 344; 23 A. & E. Ency. of Law, (2nd Ed.) 78. Counsel discussed other assignments as to the admission of testimony and as to charges, but cite no authorities.

STREET & ISBELL, for appellee.—The court properly overruled the motion for a discontinuance.—*Mack v. Walker,* 42 Ala. 668; *Masterson v. Gibson,* 56 Ala. 56; *Acklen v. Hickman,* 63 Ala. 494. The court properly excluded McCord's testimony as to a conversation between him and plaintiff. It was a privileged communication. —*State v. Tally,* 102 Ala. 25; 23 A. & E. Ency. of Law, (2nd Ed.) p. 63. The sole issue in this case was upon the plea of not guilty. There was no plea of justification under legal process, and defendant could not be heard to dispute plaintiff's title.—*Wamick v. Bird,* 51 Ala. 504; *Stephenson v. Wright,* 111 Ala. 586; *Terry v. Brown,* 34 Ala. 159. The defendant as a specially appointed constable was without authority to levy and execute process and he and all those connected with him were trespassers.—Code 1896, § 978; *Stephenson v. Wright, supra.* The acceptance of the bond rendered them trespassers also.—*Gay v. Burgess,* 59 Ala. 575; *Thorn v. Camp,* 98 Ala. 423. Disregarding the claim of exemption and selling the property rendered them all trespassers.—*Kennedy v. Smith,* 99 Ala. 83; *Milligan v. Cox,* 108 Ala. 497; *Straughn v. Richardson,* 121 Ala. 611. The charges given at the request of the plaintiff were proper.—*Arm-*

*stead v. Thompson,* 91 Ala. 130; *Pulliam v. Schimpf,* 100 Ala. 362; *Craig v. Burnett,* 32 Ala. 728; *Duckworth v. Johnson,* 7 Ala. 578.

ANDERSON, J.—In order that the rulings of the trial court may be revised upon an appeal upon a motion for a discontinuance, the motion, of at least the grounds thereof, and an exception to the ruling, should be presented by bill of exceptions. The bill of exceptions in the case at bar does not set out the motion or the grounds thereof, and we must presume that the action of the court was justified by the facts presented on the motion.— *Mock v. Walker,* 42 Ala. 668; *Masterson v. Gibson,* 56 Ala. 56; *Jarman v. McMahan's Adm'r,* 37 Ala. 431.

It appears that the goods in question were seized while in the possession of the plaintiff by Will Stallings. While there is no plea of justification in the record, the defendants were permitted, without objection, to defend under an execution levied by said Stallings on the goods in question in favor of R. J. Riddle, receiver, against J. W. Gilbreath and W. S. Biddle, and sought to defeat the plaintiff's recovery upon the idea that he could not maintain the suit, as it was not his individual property, but belonged to a firm of which he was a member. The evidence also shows that after the levy was made the plaintiff, Gilbreath, lodged a claim of exemptions with Stallings to the property levied on. The plaintiff in execution contested this claim, which resulted favorably to the said Gilbreath, the plaintiff in this action. The judgment rendered on the contest, and from which is does not appear an appeal was taken, was conclusive on the plaintiffs to the execution as well as these defendants, who are endeavoring to justify themselves upon the theory that the property levied on was not the individual property of Gilbreath and was subject to the execution. This conclusion eliminates all questions upon the charges and evidence, questioning the plaintiff's right to recover against Will Stallings, as the plaintiff was entitled to the general affirmative charge against him; and this being true, any error that may have been committed by

the trial court in respect to this issue was error without injury.

The only remaining issue is whether or not one or both of the other defendants were joint tort-feasors with the defendant Stallings, and we need consider only the assignments of error relating to this question, upon which there was a conflict in the evidence. There was no error in sustaining an objection to the statement of Hamrick, that "his entire connection with the case was that of justice of the peace." Stallings testified that he (Hamrick) told him to levy on the goods, and if he was influenced thereby, Hamrick was a joint tort-feasor, whether he was acting in the capacity of justice of the peace or not.

There was no error in permitting the plaintiff to produce the list of goods. It was made by Coleman in his presence, and he knew it to be correct.

Charges 1, 3, 5, and 7, requested by defendants, are embraced in the discussion of the title of the plaintiff, and there was no error in their refusal.

There was no error in giving charge 2, requested by the plaintiff.

Charge 4, requested by the plaintiff, should have been refused. Hamrick may have simply instructed Stallings as to his duty to sell, or may have instructed him absolutely to sell, yet he would not be a tort-feasor, unless Stallings was actuated by such instructions in making the sale, and which fact is ignored in the charge. There was a conflict in the evidence as to Hamrick and McCord's connection with the conversion of the property, and the jury could infer from this charge that Hamrick was liable for the instructions he gave the constable, though said instructions did not influence him in making the sale.

There was no error in giving charge 6, requested by the plaintiff. It covers the point attempted in charge 4, and contains the very feature that renders charge 4 bad because of the omission.

There was no evidence whatever that McCord and Hamrick had anything to do with the levy or seizure of

[Bennett & Co. v. Brooks.]

the property, and they could not have been joint trespassers. There was evidence that Hamrick advised Stallings that it was his opinion that he had the right as marshal to make the levy, but that was not sufficient to make him a trespasser.—*Hammond v. Fisher*, 2 Grant, Cas. (Pa.) 330. The trial court erred in refusing charges 1 and 2, requested by the defendants.

For the errors heretofore mentioned, the judgment of the court is reversed, and the cause remanded.

Reversed and remanded.

HARALSON, DOWDELL, and DENSON, JJ., concur.