# Burgin *v.* Sullivan, *et al.*

*False Imprisonment and Malicious Prosecution.*

(Decided June 6, 1907.   44 South. 202.)

1. *Appeal; Pleading; Harmless Error.*—It was harmless error to
overrule a demurrer to a plea on the ground that the matters set up
therein were available as a defense under the general issue, where
the plea was good as against the other grounds of demurrer assigned.

2. *Officers; Judicial Acts; Civil Liability.*—A judicial officer can-
not be held liable for damages in a civil action for his judicial acts,
however erroneous or mistaken they may be.

APPEAL from Bessemer City Court.

Heard before Hon. WILLIAM JACKSON.

Action by Claude Burgin, by his next friend, against J. J. Sullivan and others. From a judgment for defendants, plaintiff appeals. Affirmed.

The first count was for malicious and false imprisonment, as was the second and third. The fourth, fifth, and sixth were for malicious prosecution. Demurrers were interposed and overruled The defendants jointly interposed the pleas of general issue and not guilty. Sullivan, by way of special plea, set up that all the connection he had with the arrest and imprisonment of defendant was that he was presiding as mayor and was mayor of the city of Bessemer, and as such mayor the defendant was brought before him, charged with violating a certain city ordinance, which was set out in the plea; that the defendant interposed the plea of guilty to the charge, and after hearing the evidence relating thereto the defendant imposed a fine of $5 and $2.50 costs upon plaintiff; and that any detention that plaintiff received, or was caused by this defendant in any manner, was caused as a judicial officer, as mayor of the city of Bessemer, with full jurisdiction of the person of the plaintiff and of the cause, and that he acted in a judicial capacity and in none other. The fourth plea, another special plea, set up the ordinance of the city of Bessemer, the jurisdiction of the mayor's court of Bessemer of the person of the defendant and of the cause, the election and the qualification of the defendant Sullivan as mayor, his authority as such, and the facts showing that in the trial of said cause he was performing the functions of his office and presiding over the mayor's court, and that as such mayor and in such court he fined the plaintiff as set out in the other plea, and upon the defendant's plea of guilty and after hear-

27 R

ing the evidence the defendant as mayor entered a judgment assessing a fine of $5 against the plaintiff, together with the cost of prosecution, amounting to $2.50, and that the detention of the plaintiff, if there was a detention, resulted from said judgment and the judicial acts of the defendant. George W. Jones filed a special plea, setting up that he was chief of police of the city of Bessemer, and was regularly elected and qualified; that Sullivan was mayor; that the plaintiff was arraigned before Sullivan as mayor on a charge of assault and battery, convicted, and a fine and the cost of the prosecution imposed upon him. The judgment is set out in full, and it is alleged that the holding of plaintiff by said Jones was under and by virtue of his office as chief of police, in pursuance to the orders and decree of the mayor's court of Bessemer, and that he detained plaintiff only in his official capacity and under said judgment and decree. A great many demurrers were interposed to these pleas; but the only ones material are that the facts set up in said plea do not show justification on the part of the defendant Sullivan for the arrest of the plaintiff, and because the plea does not show acts done by Sullivan were done in his judicial capacity. As to the pleas interposed by Jones, because the judgment under which he alleges he detained plaintiff is void and confers no authority of law, and because it fails to set out any legal process under which plaintiff was arrested and held, and because the facts set out in each one of the special pleas are available under the general issue. The facts tended to support the pleas, and in fact it was not controverted that Sullivan was mayor, and that Jones was chief of police, and that, acting in their official capacity, the arrest was made, the trial had, and the judgment and sentence imposed. The affirmative charge was given for defendants.

[Burgin v. Sullivan, et al.]

ESTES, JONES & WELCH, for appellant.—The mayor of a town has no right or authority to order the arrest of a person without a warrant, and imprison him or cause him to be imprisoned, and if he does so, he is guilty of false imprisonment.—*McDaniel v. The State*, 27 South. 994. A magistrate is liable for trespass who orders a person to be committed for examination on a subsequent day without having such person brought before him.— *Pratt v. Hill*, 16 Barb. 303. Where there is no judicial capacity, there is no consequent protection.—*Warner v. Perry*, 14 Hun. 332.. Where the imprisonment is coram non judice judges are generally responsible in damages for unlawful imprisonment wholly outside of their duties and powers.—*DeCourcey v. Cox*, 94 Cal. 665; 19 Cyc. 336. In order for an officer to justify making an arrest he must show that he acted under valid process.—*Rhodes v. King*, 52 Ala. 274; *Duckworth v. Johnson*, 7 Ala. 578; *Leib v. Shelby Iron Co.*, 97 Ala. 626; *Cambill v. Schmuck*, 131 Ala. 331. Jurisdiction of an inferior court is never presumed, but must always affirmatively appear.—67 Am. St. Rep. 422; 10 Am. Dec. 102; 94 Cal. 665.

T. T. HUEY, B. G. PERRY, and PINKNEY SCOTT, for appellee.—By appearing before the mayor in answer to the charge affidavit and warrant was waived.—*Adderholt v. Mayor, etc.*, 99 Ala. 521. The other demurrers were properly overruled.—*Hurd v. Harris*, 68 Ala. 43; *Woodruff v. Stewart*, 63 Ala. 206; *Busteed v. Parsons*, 54 Ala. 393; *Coleman v. Roberts*, 21 South. 449. The pleas fully answered the complaint.—*Adderholt v. Mayor, supra; Blankenshire v. The State*, 70 Ala. 10; *Staggers v. Washington*, 56 Ala. 225; *Knowles v. Marble*, 50 Ala. 366. A judicial officer is not liable in damages for an imprisonment, though it be a result of a

[Burgin v. Sullivan, et al.]

mistake of law or error of judgment, where there is jurisdiction of the person and subject matter.—12 A. & E. Ency. of Law, 759. Irregularities in a judicial way cannot be complained of.—*Busteed v. Persons, supra;* *Coleman v. Roberts, supra.*

DOWDELL, J.—The first three assignments of error relate to rulings of the court on demurrers to the third, fourth, and fifth special pleas. If it be conceded that the matters of defense set up in these pleas was available to the defendants under the plea of the general issue, no injury could result in overruling the demurrer on this particular ground. The matters set up in the pleas constituted a complete defense to the action, and the pleas were not subject to any of the other grounds set forth in the demurrers The law is too well settled in this state to admit of controversy that a judicial officer cannot be held liable for damages in a civil action for his judicial acts, no matter how mistaken or erroneous they may be—*Coleman v. Roberts,* 113 Ala. 323, 21 South. 449, 36 L. R. A. 84, 59 Am. St. Rep. 111; *Heard v. Harris,* 68 Ala. 43; *Woodruff v. Stewart,* 63 Ala. 206; *Busteed v. Parsons,* 54 Ala. 393, 25 Am. Rep. 688; Mechem on Public Officers, § 619 et seq.; Cooley on Torts, 403 et sey.; 12 Am. & Eng. Ency. of Law (d Ed.) pp. 758, 759.

There was no conflict in the evidence as to the matters of defense set up in the special pleas, and on the undisputed evidence the trial court properly gave the general affirmative charge requested in writing by the defendants. There being no reversible error in the record, the judgment appealed from is affirmed.

Affirmed.

TYSON, C. J., and ANDERSON and MCCLELLAN, JJ., concur.