# Early *v.* Fitzpatrick, *et al.*

*Action Against Justice of Peace and Bond for Commitment for Contempt.*

(Decided May 12, 1909. 49 South. 686.)

1. *Justice of the Peace; Power; Contempt.*—A justice of the peace has power like other judicial officers to punish for contempt, and in so doing acts judicially.

2. *Same; Civil Liability.*—The act of a justice of the peace in punishing for contempt of court, is judicial, and he cannot be made civilly liable therefor, even if his actions were erroneous or corrupt.

APPEAL from Bessemer City Court.

Heard before Hon. WILLIAM JACKSON.

Action by O. S. Early against M. C. Fitzpatrick and others, for damages for imprisonment growing out of a punishment for contempt proceedings. Judgment for defendant and plaintiff appeals. Affirmed.

PINKNEY SCOTT, for appellant.—The complaint charges an abuse of the defendant's authority of office,

a pretended, not a real exercise of his jurisdiction, and for which he is liable.—*Kelly v. Moore,* 51 Ala. 364; *McElhaney v. Gilliland,* 30 Ala. 186; *Mason v. Crabtree,* 17 Ala. 479. On these authorities, and that of *Cross-waithe v. Pitts, et al.,* 139 Ala. 421, the court erred in rendering judgment for defendants.

BEN G. PERRY and JOEL F. WEBB, for appellees.—Justices of peace have power to punish for contempt.—*Easton v. The State,* 39 Ala. 551. In exercising this jurisdiction, an officer acts judicially and is not liable civilly therefor, however erroneous or corrupt his actions may be.—*Burgin v. Sullivan,* 44 South. 203; *Coleman v. Roberts,* 113 Ala. 323; *Irion v. Lewis,* 56 Ala. 190; *Head v. Harris,* 68 Ala. 43; *Scott v. Ryan,* 115 Ala. 589; *Woodruff v. Stewart,* 63 Ala. 206; *Busteed v. Parsons,* 54 Ala. 393.

SIMPSON, J.—This action was brought by the appellant against the appellee, M. H. Fitzpatrick, a justice of the peace, and the sureties on his bond, claiming damages resulting from a fine for contempt of court imposed upon the plaintiff by said justice of the peace and the imprisonment consequent on plaintiff's failure to pay the same. The various counts of the complaint were demurred to, and the demurrers were sustained, and judgment was rendered against the plaintiff for costs.

The allegations of the complaint show that the justice of the peace was acting judicially in fining and imprisoning the plaintiff for contempt. It is too well settled in this state to need extended argument that a justice of the peace, like other judicial officers, has jurisdiction to punish for contempt; also that no judicial officer can be held liable, in an action for damages, on account of his judicial action. If his action is erroneous, or even corrupt, other remedies must be pursued. The integrity

of the judiciary demands that the threat of personal liability shall not be held over them in the discharge of their judicial functions.

The cases referred to by the appellant have been sufficiently differentiated by the previous decisions of this court.—*Coleman et al. v. Roberts,* 113 Ala. 323, 21 South. 449, 36 L. R. A. 84, 59 Am. St. Rep. 111; *Burgin v. Sullivan et al.,* 151 Ala. 416, 44 South. 202; *Scott v. Ryan, et al.,* 115 Ala. 587, 22 South. 284. In the case of *Crosthwait v. Pitts, et al.,* 139 Ala. 421, 424, 36 South. 83, the decision is placed distinctly on the ground that the justice "had not acquired jurisdiction of the person whose acknowledgment was falsely certified," and could, therefore, claim no immunity from responsibility for his act, on the ground that it was judicial.

The judgment of the court is affirmed.

DOWDELL, C. J. and DENSON and MAYFIELD, JJ., concur.