(138 So. 274)

## PICKETT v. RICHARDSON et al.

### 1 Div. 671.

Supreme Court of Alabama.

Nov. 5, 1931.

Rehearing Denied Dec. 17, 1931.

D. P. Moore, of Mobile, for appellant.

684

J. G. Bowen, of Mobile, for appellees.

THOMAS, J.

There was nonsuit for the sustaining of demurrer to the complaint.

█ It is true that for good reason, under the statute, only a bonded executive officer as authorized by the statute has authority to discharge the extraordinary duty of levying an attachment under section 6195, Code, and not a special constable who is authorized to be appointed for general service under sections 6801, 8705, Code. Carter Brothers & Co. v. Ellis, Thomas & Hill, 90 Ala. 138, 7 So. 531; Peebles v. Weir, 60 Ala. 413.

When amended count A is analyzed, it charges: (1) That a writ of attachment duly issued from and by W. F. Richardson, as justice of the peace, commanding the sheriff of the county to attach so much of the estate of defendant Pickett as would be of value sufficient to satisfy the complaint and costs in said suit; (2) that defendant Richardson, "by virtue of his office and acting under color thereof," placed the writ in the hands of one Pruette, well knowing he "was not the sheriff of said Mobile County, Alabama, nor any bonded officer authorized to execute any such process, placed said writ in the hands of the said Pruette and directed said Pruette to take from plaintiff one Ford Sedan automobile"; (3) that said Richardson "well knew that said automobile was not the property of the defendant in the attachment suit; he did on towit, the said 12th day of November, 1929, order, direct and command and had said Pruette, who was acting under instructions of said Richardson as Justice of the Peace, and acting within the line and scope of his employment as an agent and servant of said Richardson as such Justice of the Peace," with force and violence to take from plaintiff said automobile on said date, the property of the plaintiff; (4) it is further averred that plaintiff was not a party to the suit in which the writ was issued, and that plaintiff duly notified Pruette before and at the time of levy that the property levied on was not that of defendant Pickett in the original suit, but was the property of plaintiff in this suit; and yet he levied thereon, "pretending he was a lawful officer, compelled the plaintiff to part with her said property"; (5) and said Pruette "under the direction of the said Richardson, delivered said property to the said Richardson, and that demand was duly made on said Richardson by plaintiff for her said property, and that the said Richardson has failed and refused to restore to plaintiff her said property, and has, as such Justice of the Peace, and under the color of his said office, converted said property to his own use or unlawfully disposed of same."

This last averment charged (a) the justice as a *joint tort-feasor* with the deputy Pruette, and (b) with a conversion of plaintiff's property under color of his office. Stallings v. Gilbreath, 146 Ala. 483, 41 So. 423.

█ There are several propositions of law well established by our decisions. The doctrine of immunity of judicial officers is applied (for illustration) where such officer has jurisdiction of the person and of the subject-matter, is exempt from civil liability, as for false imprisonment, *so long as he acts within his jurisdiction and in a judicial capacity.* Busteed v. Parsons, 54 Ala. 393, 25 Am. Rep. 688, a suit for malicious arrest; Irion v. Lewis, 56 Ala. 190, action on official bond of the justice of the peace for refusing appeal bond; Woodruff v. Stewart, 63 Ala. 206, 215, false arrest; Heard v. Harris, 68 Ala. 43, false imprisonment; Early v. Fitzpatrick, 161 Ala. 171, 49 So. 686, 135 Am. St. Rep. 123, for punishing for contempt; Lacey v. Hendricks, 164 Ala. 280, 51 So. 157, 137 Am. St. Rep. 45, for false imprisonment and malicious prosecution; Broom v. Douglass, 175 Ala. 268, 57 So. 860, 44 L. R. A. (N. S.) 164, Ann. Cas.

1914C, 1155, for committing one to jail in lieu of a bond to keep the peace; Blancett v. Wimberley, 16 Ala. App. 402, 78 So. 318, a case of excess jurisdiction by the justice of the peace. And Ex parte Hudgins, 188 Ala. 141, 65 So. 959, was upon an official bond for the failure to discharge duty in the collection of taxes for the county. It is further stated that the tendency of modern cases is not to hold liable an inferior judge who merely exceeds his jurisdiction, if his acts are not attended with corruption or bad faith. Morgan v. Baird, 219 Ala. 225, 121 So. 526; Broom v. Douglass, supra; Blancett v. Wimberley, supra; Burgin v. Sullivan, 151 Ala. 416, 44 So. 202.

In Coleman v. Roberts, 113 Ala. 329, 331, 21 So. 449, 450, 36 L. R. A. 84, 59 Am. St. Rep. 111, Mr. Chief Justice Brickell observes: "The true theory and reason of the doctrine is stated with clearness by Judge Cooley: 'Whenever the state confers judicial powers upon an individual, it confers therewith full immunity from private suits. In effect the state says to the officer that these duties are confided to his judgment; that he is to exercise his judgment fully, freely, and without favor, and he may exercise it without fear; that the duties concern individuals, but they concern more especially the welfare of the state, and the peace and happiness of society; that if he shall fail in a faithful discharge of them, he shall be called to account as a criminal; but that, in order that he may not be annoyed, disturbed, and impeded in the performance of these high functions, a dissatisfied individual shall not be suffered to call in question his official action in a suit for damages.' Cooley, Torts, 408. There has been, not infrequently, much of objection that the doctrine has a tendency to promote the exercise of judicial power arbitrarily or capriciously, and may shield unscrupulous, corrupt men in judicial offices. This may be true to some extent; but, if true, and individual injury results, it is only an instance of the merger of individual wrong in the higher wrong to the state, and must be redressed by the higher remedies the state can pursue against the unjust judge. Busteed v. Parsons [54 Ala. 393, 25 Am. Rep. 688], supra. * * * In all cases of this character inquiry is confined within a narrow compass. It is not whether there is error or irregularity, nor what were the motives with which the act complained of was done. *It is whether the act was an exercise of the jurisdiction or of the authority the law confers.* If it be, immunity from suit by a private person attaches." (Italics supplied.)

◼ It is further declared, to afford protection to an executive officer in the execution of process, that the issuing court must be shown to have jurisdiction of the subject-matter on which he acted in issuing the process, or must have been shown to have color-able authority to issue the process in question; that the process must be in the required or prescribed form or a substantial compliance therewith; that is, the process must not be void on its face. Phillips v. Morrow, 213 Ala. 139, 104 So. 260, 40 A. L. R. 285. See, also, Broom v. Douglass, 175 Ala. 268, 57 So. 860, 44 L. R. A. (N. S.) 164, Ann. Cas. 1914C, 1155. And that a judicial officer, when "keeping within the pale of his jurisdiction," cannot be made answerable at the suit of an individual, supposing himself aggrieved, is firmly established in this court. Woodruff v. Stewart, 63 Ala. 206; Irion v. Lewis, 56 Ala. 190; Busteed v. Parsons, 54 Ala. 393, 25 Am. Rep. 688.

In American Surety Co. of New York v. First National Bank of Montgomery, 203 Ala. 179, 82 So. 429, a suit upon the official bond of an ex officio justice of the peace, it was held that *a mere private act of an officer*, not pertaining to any function or duty which the law imposes, and not done under the color of office, *incurs no official responsibility or liability* on his official bond, though such act *may incur personal responsibility or liability* on the actor. Burge v. Scarbrough, 211 Ala. 377, 100 So. 653; Coleman v. Ormond, 60 Ala. 328; Drake v. Webb, Adm'r, 63 Ala. 596; McKee v. Griffin, 66 Ala. 213; Addison's Contracts, § 1117; 46 C. J. 1068. It will be observed that the provisions for liability on official bonds came to us unchanged from the Code of 1852, § 130; that section 2612, subsec. 3, Code of 1923, was for wrongful act under color of office, or improper or neglectful performance of duties imposed by law, and was to extend the liability to sureties.

◼ It is proper now to inquire whether the justice of the peace, in the respects averred in the amended count, acted in a judicial or ministerial capacity? In Grider v. Tally, 77 Ala. 424, 425, 54 Am. Rep. 65, it is declared: "Judicial power is authority, vested in some court, officer or person, to hear and determine, when the rights of persons or property, or the propriety of doing an act, are the subject-matter of adjudication. Official action, the result of judgment or discretion, is a judicial act. The duty is ministerial, when the law, exacting its discharge, prescribes and defines the time, mode and occasion of its performance, with such certainty that nothing remains for judgment or discretion. Official action, the result of performing a certain and specific duty arising from fixed and designated facts, is a ministerial act." State Board v. Roquemore, 218 Ala. 120, 117 So. 757; State v. Youngstown Min. Co., 219 Ala. 178, 121 So. 550; Garrett v. Cuninghame, 211 Ala. 430, 435, 100 So. 845; Stewart v. Wilson Printing Co., 210 Ala. 624, 627, 99 So. 92; Day v. City of Montgomery, 207 Ala. 644, 93 So. 609; State v. Bradley,

686

207 Ala. 677, 93 So. 595, 26 A. L. R. 421. The duty to be discharged by the justice and constable in respects here pertinent after the issuing, the delivery of the attachment writ to its execution and return, under the law was ministerial, and not judicial. 35 C. J. 475; Broom v. Douglass, 175 Ala. 268, 280, 283, 57 So. 860, 44 L. R. A. (N. S.) 164, Ann. Cas. 1914C, 1155.

▆ It will next be inquired: Were the wrongful and injurious acts charged done under the color of his office; and, if not, were the same, or some of the damnifying acts, done, not under the color of his office, but in a private and personal capacity?

We divert to say that the decisions cited are under the provisions of a statute of long standing, Code of 1923, § 2612, and it is established that subdivision 3 of that statute does not impose upon the officer and sureties civil liability for their judicial acts, and is applicable only to the performance of ministerial duties. Scott v. Ryan, 115 Ala. 587, 22 So. 284; Coleman v. Roberts, 113 Ala. 323, 21 So. 449, 36 L. R. A. 84, 59 Am. St. Rep. 111; Roberts v. Hunt, 212 Ala. 475, 103 So. 451; Early v. Fitzpatrick, 161 Ala. 171, 49 So. 686, 135 Am. St. Rep. 123; Duffin v. Summerville. 9 Ala. App. 573, 577, 63 So. 816; 35 Cyc. p. 1612; 46 C. J. 1069. The purpose of the subdivision was to extend the common-law liability of officers to their sureties on statutory official bonds to acts which theretofore had been regarded as private or individual acts and torts done under the color of their offices, if included within the rational and legal meaning of the words employed in so amending the statute.

The declaration in Clark v. Lamb, 76 Ala. 406, 408, is: "For any *malfeasance* or *misfeasance* of the sheriff, not included within the rational and legal meaning of the words of the statute, the sureties are not liable. The statute extends the liability of the sureties to those acts of the sheriff by which an injury is done under assumed and pretended official authority, having process in his hands.—McElhaney v. Gilleland, 30 Ala. 183."

And it is said that "whatever may be the rule apart from the statute, there can be no doubt of the fact that, under its influence, a sheriff's sureties are ordinarily responsible for a trespass committed by him in his levying an execution or attachment issued against one person upon the goods of another, who is a stranger to the process, unless the statute authorize such levy; such an act being one committed under color of his office, which means under the pretended or arrogated authority of his office," in Albright v. Mills, 86 Ala. 324, 327, 5 So. 591, 592.

The decision in Burgin v. Raplee, 100 Ala. 433, 14 So. 205, contains the observation that if the officer knew before the sale that the property was that of plaintiff and not of de-

fendant in attachment and judgment, and, being so informed, sold it against due objection, the officer and sureties were held liable. To like effect is Adamson v. Noble, 137 Ala. 668, 35 So. 139.

The recognized general rule in this jurisdiction is, that for an improper and injurious ministerial act performed by such an official under color of his office, he and his sureties upon his official bond can be held liable. Deason v. Gray, Sheriff, 189 Ala. 672, 66 So. 646; Union Indemnity Co. v. Webster, 218 Ala. 469, 118 So. 794; McKee v. Griffin, 66 Ala. 211; Kelly v. Moore, 51 Ala. 364; Coleman v. Ormond, 60 Ala. 328; McElhaney v. Gilleland, 30 Ala. 183. See, also, Broom v. Douglass, 175 Ala. 268, 57 So. 860, 44 L. R. A. (N. S.) 164, Ann. Cas. 1914C, 1155. And the meaning of "color of office" under this statute is where a ministerial act is done by an officer under pretended authority of law and his office. Mason v. Crabtree, 71 Ala. 479; Coleman v. Roberts, 113 Ala. 323, 330, 21 So. 449, 36 L. R. A. 84, 59 Am. St. Rep. 111; McElhaney v. Gilleland, supra; Mobile County v. Williams, 180 Ala. 639, 61 So. 963. And it has been held that how he acted may be shown by parol. Couch v. Davidson, 109 Ala. 313, 19 So. 507.

In McKee v. Griffin, 66 Ala. 211, there was no law authorizing the officer to act in the assumed official capacity in the premises and receive the money. Such was declared to be a test in National Surety Co. v. State, 219 Ala. 609, 123 So. 202; Bradford v. State, 204 Ala. 46, 85 So. 435.

Was then the justice of the peace authorized to appoint a special constable to execute process under the certain contingencies? The statute answers this may be done for general service (sections 6801, 6802, 8705, Code), and that the justice of the peace is the judge of the emergency under section 8705, Code. Parish v. State, 130 Ala. 92, 30 So. 474; Murkison v. State, 11 Ala. App. 105, 65 So. 684. This section does not allow such special constable to levy executions or attachments. Carter & Bro. v. Ellis, Thomas & Hill, 90 Ala. 138, 7 So. 531; section 6195, Code. His excess of legal authority in the appointment of a special constable, and delivery to him of the attachment, and though there be no lawful authority to direct his actions as to the particular property (Southern Ry. Co. v. Dickens, 163 Ala. 114, 118, 50 So. 109), its seizure and return, it is averred that he did so direct the constable under color of his office, and that said constable acted thereon (Stallings v. Gilbreath, 146 Ala. 483, 41 So. 423); thus it was charged that the justice of the peace and his constable became joint tort-feasors in the act averred to plaintiff's injury. And it is likewise averred that the several acts challenged were done under color of his office; and such being the averment, under subsection 3 of section 2612, Code; Broom v. Douglass, 175 Ala. 268, 57 So. 860, 44 L. R. A. (N. S.) 164,

Ann. Cas. 1914C, 1155, the sureties on his official bond were liable.

The trial court was in error in ruling as to amended count A that superinduced the nonsuit.

Reversed and remanded.

ANDERSON, C. J., and BROWN and FOSTER, JJ., concur.