158 So. 764

## LEE v. FIDELITY & DEPOSIT CO. OF MARYLAND.

### 6 Div. 623.

Supreme Court of Alabama.
Jan. 17, 1935.

Frederick V. Wells and William Conway, both of Birmingham, for appellant.

Lawrence F. Gerald, of Clanton, and Mullins & Deramus, of Birmingham, for appellee.

BROWN, Justice.

This is an action by the appellant against the appellee for breach of the conditions of the official bond of J. Z. Mims as clerk of the circuit court of Chilton county. The defendant's demurrers were sustained to the several counts of the complaint, and the plaintiff took a nonsuit and has appealed.

The assignments of error present for review the court's ruling as to counts 10 and 11.

These counts, in substance, are identical, each relating to a different suit. They aver:

That the plaintiff was one of three defendants in a suit brought and tried in the circuit court of Chilton county. That at the conclusion of the evidence the court on motion of plaintiff in this suit excluded all the evidence going to show his liability and at his request directed a verdict for him. That plaintiff and his attorney left for their homes in Birmingham before the jury had concluded their deliberation and brought in a verdict. That, notwithstanding the instructions of the court, the jury returned a verdict

©⇒For other cases see same topic and KEY NUMBER in all Key Number Digests and Indexes

against all of said defendants, including the plaintiff.

The case was tried in Chilton circuit court on November 3, 1933, and on November 7, 1933, plaintiff's attorney wrote and mailed to said Mims, as clerk of said court, a letter in words as follows:

"Dear Sir: Kindly advise results of the trial in the above cases as the writer left the court room before the jury returned."

Mims replied to this letter on November 8, 1933:

"Dear Sir: The following verdict was returned by the jury in each of the above cases: 'We the Jury find for the plaintiff in this cause against the defendants Cliff Clements and W. J. Hooks, and assess his damages at Two Hundred Fifty ($250.00) dollars, under count two of the complaint in this cause.'

"Yours truly,

"J. Z. Mims, Clerk."

That plaintiff relied on this information and did not discover that the information therein contained was erroneous until it was too late to move for a new trial. That the information contained in said letter was erroneous in consequence of the negligence of said Mims, and resulted in damage to plaintiff.

The appellant's contention is that in writing said letter the said Mims was acting under color of his office.

If the plaintiff had applied to Mims for a verified copy of the verdict, and Mims had sent him an incorrect copy, this would have brought the matter within the influence of subsection 14 of section 6724 of the Code. Ziegler v. Commonwealth, 12 Pa. 227. On the facts averred, it was not a part of Mims' official, ministerial duty to advise the plaintiff of the result of the trial, and, in responding to the request of plaintiff's attorney, he acted merely as a gratuitous agent of plaintiff's attorney, and in doing so he was not acting by virtue of his office or under color thereof. Mobile County v. Williams, Judge, 180 Ala. 639, 61 So. 963; Pickett v. Richardson et al., 223 Ala. 683, 138 So. 274.

The demurrers to the complaint were properly sustained.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.