# Hamrick, *et al. v.* Gilbreath.

## *Trespass.*

(Decided June 30, 1909. Rehearing denied Dec. 16, 1909.
51 South. 336.)

1. *Appeal and Error; Harmless Error; Evidence.*—Where a marshall and others besides his official bond were joined as joint tortfeasors in an action for the wrongful seizure of goods, if it was error to permit the marshall to state how many times he has testified in the case before he became marshall, it was error without injury.

2. *Judgment; Conclusiveness.*—A judgment on a claim of exemptions in favor of the execution defendant is conclusive as against the defendants in this action for the wrongful seizure of goods.

3. *Appeal and Error; Finding of Jury; Conclusiveness.*—Where the disputed facts in a cause are determined by the jury their finding is conclusive on appeal.

APPEAL from the Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by J. W. Gilbreath against James T. Hamrick and others for trespass and unlawfully seizing goods. Judgment for plaintiff and defendant appeals. Affirmed.

McCORD & McCORD, for appellant.—The court erred in refusing to permit plaintiff to ask plaintiff as to his testimony on former trial.—*Polly v. McCall,* 37 Ala. 20; 1 A. & E. Ency. of Law, 675; 2 Id. 508. The number of times Stallings had testified before he became marshall, was irrelevant and prejudicial.—1 Greenleaf on Evidence, 71. The court erred in giving the charges requested by plaintiff.—*Pos. Tel. Co. v. Jones,* 133 Ala. 228; *L. & N. v. York,* 129 Ala. 307. Charge 4 was bad.—*Kellar v. Holland,* 56 Ala. 603; *Allen v. Hamilton,* 109 Ala. 634. Counsel insist that the affirmative charge should have been given for the defendant.

[Hamrick, et al. v. Gilbreath.]

STREET & ISBELL, for appellee.—This case should be affirmed on the authority of *Stallings v. Gilbreath,* 146 Ala. 483; see also the following cases.—*Gay v. Burgess,* 59 Ala. 575; *Thorn v. Camp,* 98 Ala. 423; *Hall v. Perryman,* 43 Ala. 122; *Kennedy v. Smith,* 99 Ala. 83; *Milligan v. Cox,* 108 Ala. 497; *Straughn v. Richardson,* 121 Ala. 611.

MAYFIELD, J.—The facts of this case are fully stated in the opinion on a former appeal herein. See *Stallings v. Gilbreath,* 146 Ala. 483, 41 South. 423. The material facts and the questions of law involved in this appeal are the same as in the former case. We see no reason to depart from what was said on former appeal, and adhere thereto.

There are separate assignments of error by defendants McCord and Hamrick, but they raise the same questions of law, and may be treated together, as we find no error in the record as to either.

It was without error or injury to any one to allow the witness Stallings to testify as to how many times he testified before he was marshal. It was not error to decline to allow defendants to prove that plaintiff had said that W. S. Biddle was a member of his firm.

The judgment on the contest of exemption was conclusive that the property sold was that of plaintff, and this evidence could only tend to disprove this, which was not allowable on this trial.

There was no error in the giving of any of the charges given by the court. They were both correct and applicable to the facts in the case. There was no error in refusing any of defendants' requested charges, All the charges were in strict accord with the law as announced by this court on the former appeal. The

[Gray v. Haynes & Bro.]

court seems to have tried the case in exact conformity with the law there announced as applicable.

The evidence as to those two defendants' liability was in conflict, the weight of it probably being in their favor; but it was clearly a case for the jury to decide. They have done so, and we cannot review or revise their findings as to disputed facts.

The judgment is affirmed.

SIMPSON, McCLELLAN, and SAYRE, JJ., concur.