FERRER et al. v. FRONTON EXHIBITION CO. et al.

No. 13187.

United States Court of Appeals
Fifth Circuit.

May 4, 1951.

Mallory H. Horton, J. Carrington Gramling, Jr., Miami, Fla., for appellents.

Lee M. Worley, Miami, Fla., Lawrence Berenson, New York City, William C. Worley, Miami, Fla., for appellees.

Before HOLMES, BORAH and STRUM, Circuit Judges.

STRUM, Circuit Judge.

Plaintiffs below appeal from an order dismissing, for failure to state a claim upon which relief can be granted, a complaint which attempts to charge a conspiracy on the part of defendants to import alien contract labor in violation of 8 U.S.C.A. § 136(h), for which plaintiffs claim a right of action under 8 U.S.C.A. § 47(3), as an abridgement of their civil rights.

The essential allegations of the complaint are that plaintiffs, citizens of the United States, are professional jai-alai players, employed as such in the past by defendants in Miami, Florida, and upon which employment plaintiffs depend for a livelihood. Defendants refuse to further employ plaintiffs because plaintiffs decline to resign from and disassociate themselves with the American Jai-Alai Players Association, an organization to which plaintiffs belong. Defendants' fronton in Miami is the only place in continental United States where jai-alai is played, and plaintiffs are the only available jai-alai players who are United States citizens. Defendants, the Fronton Company and its managing officers, conspired with divers aliens who are jai-alai players in other countries to unlawfully enter the United States as "contract laborers" and supplanted plaintiffs with them as professional players at the Miami fronton, thus depriving plaintiffs of their means of livelihood. Plaintiffs contend that as a result of the alleged conspiracy to vio-

late 8 U.S.C.A. § 136(h) they have been deprived of "the opportunity to earn a livelihood as professional jai-alai players, * * *," and, unless redress is here granted, their privileges and immunities as citizens will be abridged, and they will be denied the equal protection of the laws.

Resting jurisdiction upon 28 U.S.C.A. § 1343, plaintiffs seek an injunction restraining defendants from further importing alien players, and "such monetary damages as the facts, evidence and circumstances shall warrant."

The fallacy of plaintiffs' position lies in the assumption that 8 U.S.C.A. § 136(h) confers upon them a "civil right" which is personal to plaintiffs, a conspiracy to deprive them of which may be redressed under 8 U.S.C.A. 47(3).[1]

■ Title 8 U.S.C.A. section 136(h) is a part of a general alien exclusion law founded upon broad concepts of public policy relating to immigration, and excluding certain designated classes of aliens, amongst which are "contract laborers." Its enforcement is confided to the Commissioner of Immigration under the direction of the Attorney General. 8 U.S.C.A. §§ 102, 103, 131. The statute is designed to prohibit, not the mere injury to an individual which might result from the prohibited acts, but the harm to the general public which would be occasioned by the evils against which the statute is directed. While the plaintiffs, like any other citizens, are entitled to the benefits of the statute generally, it confers no specific rights which are individual or personal to the plaintiffs to have any particular alien or class of aliens excluded. Consequently, there is no right or privilege which may be redressed under 8 U.S.C.A. § 47(3) at the instance of plaintiffs. There can be no deprivation of a right or privilege that is nonexistent.

■ Moreover, under the statute the exclusion of alien contract laborers is not absolute. The act clothes the Attorney General with discretionary authority to admit skilled labor when in his judgment certain conditions prescribed by the act are fulfilled. The aliens in question were admitted, as temporary visitors, under this discretionary authority, so their entry into this country, which is alleged to have been the object of the conspiracy, was a lawful entry. Such an entry involves no denial to the plaintiffs of equal rights, privileges or immunities under the laws, hence the alleged activities of the defendants in procuring it would not be actionable under 8 U.S.C.A. § 47(3). The complaint alleges no inequality of treatment by the public officials charged with the duty of executing the law, nor does it charge a conspiracy on the part of the defendants to bring about such inequality.

■ Viewing the complaint as a whole, it appears that what the plaintiffs really seek to redress is the deprivation of their former employment, forcing their re-employment by defendants by cutting off the supply of alien jai-alai players from abroad. The right of employment, and its redress when invaded, is exclusively within the domain of the state. It is not a federal civil right. Love v. Chandler, 8 Cir., 124 F.2d 785.

■ The complaint was properly dismissed for failure to state a claim upon which relief can be granted.

Affirmed.

1. "(3) If two or more persons * * * conspire * * * for the purpose of depriving * * * any person * * * of the equal protection of the laws, or of equal privileges and immunities under the laws; * * * in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators."