**KILGORE v. McKETHAN et al.**

**No. 14494.**

United States Court of Appeals

Fifth Circuit.

June 26, 1953.

Rehearing Denied Aug. 13, 1953.

Thomas T. Cobb, Daytona Beach, Fla., Cobb & Cole, Daytona Beach, Fla., for appellant.

Weldon G. Starry, Tallahassee, Fla., Doyle E. Carlton, Tampa, Fla., Wallace E. Sturgis and Charles A. Savage, Ocala, Fla., LeRoy B. Giles and Edward K. Goethe, Orlando, Fla., Chester Bedell, Jacksonville, Fla., O. K. Reaves, Tampa, Fla., R. P. Hamlin and C. E. Duncan, Tavares, Fla., Mabry, Reaves, Carlton, Anderson, Fields & Ward, Tampa, Fla., Thomas Sale, Panama City, Fla., for appellees.

Before HUTCHESON, Chief Judge, and RUSSELL and STRUM, Circuit Judges.

STRUM, Circuit Judge.

This action, based upon 8 U.S.C.A. § 47(3),[1] is brought to redress, by the recovery of damages, an alleged conspiracy to deprive plaintiff of civil rights secured to him by the Fourteenth Amendment to the Constitution of the United States. Federal jurisdiction is asserted under 28 U.S. C.A. § 1343(3) and 28 U.S.C.A. § 1331. The district court dismissed the complaint for lack of federal jurisdiction, without leave to amend, and plaintiff appeals.

In substance, the complaint charges that since 1931 plaintiff had been employed by, and at the time of his discharge hereinafter mentioned was the sales manager of, Florida Crushed Stone Company, a corporation organized for the sole purpose of marketing crushed stone produced by other companies in Florida. For many years Florida Crushed Stone Company was the only source of supply in Florida for various types of crushed stone used by the Florida State Road Department in the construction of roads, and in 1949 said company was the major "producer" in Florida of such stone.

The complaint further alleges that the Governor of Florida who took office in January, 1949, directed the chairman of the State Road Department, whom said Governor had appointed, to so operate his department that the Florida Crushed Stone Company would be forced to pay to certain contractors doing business with the State Road Department a portion of its income from the sale of rock to them, in order to

1. The complaint also alleges that the action arises under 18 U.S.C.A. § 371, but that section refers only to criminal conspiracies against the United States or its agencies.

reimburse such contractors for large contributions made by them to defray the expense of said governor's campaign for office.

The complaint then alleges that the defendants, who are the chairman and members of the Florida State Road Department, taking office in January, 1949, the Governor, several producers of crushed rock, and others, entered into a continuing conspiracy to carry out said plan, a part of which was that plaintiff should be discharged from his position as sales manager of Florida Crushed Stone Company, because he would not assent to the plan, and that on December 3, 1949, he was for that reason summarily discharged from such employment, all of which, plaintiff charges, violates his civil rights secured by the Fourteenth Amendment, for which he seeks damages.

 We find nothing in the charges of the complaint which, if true, would constitute a violation of plaintiff's federally secured civil rights. Stripped to its basic essentials, plaintiff's complaint is that, as a result of an alleged conspiracy to raise funds for political purposes, he was wrongfully discharged from his employment because he would not assent to the plan. The acts of which plaintiff complains would, at most, amount to no more than an ordinary tort, remediable under state law. It is not alleged that plaintiff was deprived of his right to work, but only that he was wrongfully discharged from a particular job. The Fourteenth Amendment does not have the effect of taking into federal control the protection of private rights against invasion of individuals. Snowden v. Hughes, 321 U.S. 1, 64 S.Ct. 397, 88 L.Ed. 497. Whatever plaintiff's rights may be in the premises, they do not arise from the Constitution or laws of the United States. Ferrer v. Fronton Exhibition Co., 5 Cir., 188 F.2d 954; Love v. Chandler, 8 Cir., 124 F.2d 785; Simpson v. Geary, 204 F. 507, 512; Hodges v. United States, 203 U.S. 1, 27 S.Ct. 6, 51 L.Ed. 65; Collins v. Hardyman, 341 U.S. 651, 71 S.Ct. 937, 95 L.Ed. 1253.

Even under the doctrine of Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939, 13 A.L.R.2d 383, the mere assertion by a plaintiff that he is entitled to a federal remedy does not satisfy federal jurisdictional requirements, when the facts alleged do not support the assertion. McGuire v. Todd, 5 Cir., 198 F.2d 60, certiorari denied 344 U.S. 835, 73 S.Ct. 44, 97 L.Ed. ——; Screven County v. Brier Creek Club, 5 Cir., 202 F.2d 369; Whittington v. Johnston, 5 Cir., 201 F.2d 810; Yglesias v. Gulf Stream Park Racing Ass'n, 5 Cir., 201 F.2d 817, certiorari denied 73 S.Ct. 1132.

As the complaint wholly and unamendably fails to state a claim under 8 U.S.C.A. 47(3), or any other federal law, the complaint was properly dismissed.

Affirmed.