Charles **SKINNER,** Plaintiff-Appellant,

v.

Paul H. **NEHRT,** Judge, and J. Clyde Hamilton, Clerk of the County Court of Randolph County, Illinois, Defendants-Appellees.

**No. 11926.**

United States Court of Appeals
Seventh Circuit.

April 5, 1957.

**574**

Charles Skinner, Menard, Ill., for appellant.

Latham Castle, Atty. Gen., of Illinois, William C. Wines, Raymond S. Sarnow, A. Zola Groves, Edward M. White, Asst. Attys. Gen., of counsel, for appellees.

Before LINDLEY, SWAIM and SCHNACKENBERG, Circuit Judges.

SCHNACKENBERG, Circuit judge.

Charles Skinner (referred to herein as plaintiff) sued the respondent judge and the respondent clerk of the County Court of Randolph county, Illinois, charging in his complaint filed in the district court that he had sustained damages because of respondents' alleged violation [1] of civil rights guaranteed him by the Fourteenth Amendment of the United States constitution.

The district court permitted the suit to be filed without payment of fees, and, relying on 28 U.S.C.A. § 1915(d), dismissed the case because the court was satisfied that the complaint is frivolous and fails to set forth a claim upon which relief can be granted. Plaintiff moved to vacate the order of dismissal. That motion was denied. Plaintiff appealed to this court, where he was permitted to sue *in forma pauperis*.

An inspection of the transcript filed in this court convinces us that the district court's grounds for its action are but a few of many reasons why we should affirm. Plaintiff is, according to the record, incarcerated in the Illinois penitentiary at Menard, in Randolph county. In the court below and here he has been acting without a lawyer. We are therefore not surprised at the somewhat confused manner in which he has presented his case. We cannot explain, however, the inept and superficial way in which the writer of the brief for re-

---

1. Plaintiff relies on 42 U.S.C.A. § 1983, which reads:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

spondents has confounded the confusion which plaintiff originated.

There are three Illinois state courts involved in this case. They are (1) the Circuit Court of Lee county, in which plaintiff was convicted of some crime, not specified in this record, (2) the Supreme Court of Illinois, which denied plaintiff a writ of error to review a decision of the Circuit Court of Lee county in a post-conviction proceeding, and (3) the County Court of Randolph county, where plaintiff attempted by mail to file a replevin suit to obtain possession of a transcript of the court proceedings which he had caused to be filed in the Illinois Supreme Court and which had been by that court returned to the Circuit Court of Lee county.

There are, of course, two federal courts involved in this case. They are the district court and this court.

Having this situation in mind, we find in the statement of the case submitted by respondents these words: " * * * that the transcript was issued and transmitted to that Court [Illinois Supreme Court], that it has been returned to the *trial court* and that the clerk of the *trial court* refused either to turn it over to him or to file a writ of replevin for it." The statement of the case proceeds: "He therefore asks damages * * * against the clerk of the *trial court* * * * and from the Judge of *that court,* * * *. The *trial court* dismissed his complaint as frivolous." (Italics supplied for emphasis.)

It will be noted that in the repeated use of the words "trial court" no attempt is made to distinguish among the Circuit Court of Lee county, the County Court of Randolph county and the District Court from which this appeal was taken. Respondents' brief has hindered us in consideration of this appeal.

■ As to the respondent judge, we hold that he cannot be sued in an action of this kind for his acts as a judge. Cawley v. Warren, 7 Cir., 216 F.2d 74, 76, and Francis v. Crafts, 1 Cir., 203 F.2d 809.

■■ We also hold that, as to both respondents, no property right enforcible by replevin was asserted by plaintiff. The transcript is a part of the records of the Circuit Court of Lee county, to which it was returned by the Supreme Court of Illinois. It is not the property of plaintiff. His assertion of such a right was frivolous and therefore the district court properly entered an order dismissing his complaint and also properly denied plaintiff's motion to vacate that order.

The orders of the district court are affirmed.

Affirmed.