**A. E. DELOACH, Appellant,**

**v.**

**Candler ROGERS and Mark Dukes (Dora S. Rogers as Administratrix of the estate of Candler Rogers, deceased, substituted as party appellee in place of Candler Rogers, deceased), Appellees.**

**No. 17665.**

United States Court of Appeals
Fifth Circuit.

July 30, 1959.

Aaron Kravitch, Savannah, Ga., for appellant.

Alex A. Lawrence, Savannah, Ga., for appellees.

Before RIVES, CAMERON and JONES, Circuit Judges.

JONES, Circuit Judge.

The appellant, A. E. Deloach, is a resident of Georgia. In the District Court for the Southern District of Georgia he brought suit against Candler Rogers and Mark Dukes, both of whom were Georgia residents. Rogers was sheriff of Evans County, Georgia, and Dukes was his deputy. The complaint recited that the appellant was sixty-three years old, physically infirm, the owner of land in Evans County where he resided, and that he had never been in trouble and, prior to the incident forming the gravamen of his complaint, had never been arrested. It was alleged that he had been in a controversy with the County Commissioners with reference to the building of a road and "on the pretext that he was interfering with the work, a peace warrant was issued against him unlawfully, illegally and without any cause or justification whatsoever". The complaint continued,

"That on the strength of said alleged peace warrant, the defendants, to-wit: the Sheriff and his Deputy, came to his home in Evans County, Georgia, on the 2nd day of July, 1957, and assaulted, struck and brutally beat your petitioner, who at said time was seated at his home on the front porch and was committing no offense or transaction whatsoever."

After the beating, the appellant alleged, he was taken to jail and thereafter released on bond, but no charge has been lodged against him and he has not been brought to trial.

Damages were claimed for severe and permanently disabling physical injuries, and for suffering and shock to the appellant's nervous system. Punitive damages and attorneys' fees were sought. The acts recited were stated to be in violation of Article 4, Section 2, of the United States Constitution and the Fourth, Fifth and Fourteenth Amendments. Federal jurisdiction was asserted under 28 U.S.C.A. § 1343.[1]

By an amendment to the complaint the appellant said that the action of the state officers in assaulting and restraining him, he being a United States citizen, was under the guise of their offices and was an action of the State against him. It was also averred in the amendment that the action of the officers was in pursuance of a conspiracy to intimidate and frighten him from exercising his rights as an American citizen in defending his property and exercising freedom of speech. There were no factual averments in the amendment. Rogers and Dukes filed a motion to dismiss the action upon the ground that the Court had no jurisdiction. The motion was granted and an order of dismissal was entered. This appeal followed.

The facts which the appellant has pleaded allege, at the most, a cause of action asserted by a citizen of Georgia against other citizens of the same State for false arrest and for assault and battery incident to the arrest. Nothing

1. "The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

"(1) To recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in section 1985 of Title 42;

"(2) To recover damages from any person who fails to prevent or to aid in preventing any wrongs mentioned in section 1985 of Title 42 which he had knowledge were about to occur and power to prevent;

"(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;

"(4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote." 28 U.S.C.A. § 1343, as amended Pub.L. 85–315, 71 Stat. 637.

more than this can be made of the case by references to Constitutional provisions or by recitals of the Federal Civil Rights Acts.

 Jurisdiction has not been conferred upon the Federal district courts for the redress of every violation of rights guaranteed by the United States Constitution. Every question arising under the Constitution may, if properly raised in a state court, come ultimately to the Supreme Court of the United States for a decision. Hague v. Committee for Industrial Organization, 307 U.S. 496, 59 S.Ct. 954, 83 L.Ed. 1423.

It may be said here, as this Court has heretofore said:

"We shall not, in the present confused and confusing state of the law, attempt to mark out the general scope and sweep of the civil rights statutes appellants invoke. Neither shall we, other than as our other opinions and this one have done, and may do, it for us, range ourselves on the one side or the other of the general struggle to so extend the scope of these statutes, that, upon the mere allegation, in a suit for damages, of conspiracy, fraud, or malice, every suit in a state court may be subjected to retrial, and every action of a state officer, in the discharge of the duties of his office, may be re-examined in the federal court. * * *

."It is sufficient for us in this case to say: that, as other courts have done, we disregard, as mere conclusions, the loose and general, the factually unsupported, characterizations of the complained of acts of the defendants, as malicious, conspiratorial, and done for the purpose of depriving plaintiffs of their constitutional rights; that the things defendants are alleged to have done, as distinguished from the conclusions of the pleaders with respect to them, do not constitute a deprivation of the civil rights of plaintiffs, do not give rise to the cause of action claimed; and that the judgment dismissing the complaint should be affirmed." McGuire v. Todd, 5 Cir., 1952, 198 F.2d 60, 63, certiorari denied 344 U.S. 835, 73 S.Ct. 44, 97 L.Ed. 650. See Simmons v. Whitaker, 5 Cir., 1958, 252 F.2d 224, and the authorities there cited.

With an apparent concession that the authorities thus far decided do not sustain his claim that there is Federal jurisdiction in this case, the appellant urges that recent decisions [2] have shown an enlarging concept of Federal Rights jurisdiction. The cases cited are all based upon racial discrimination. These fall within the "equal rights" provision of 28 U.S.C.A. 1343(3). There is a complete absence of any suggestion in the pleadings of the appellant of any discrimination by reason of class or race. It has been suggested that the variety of rights, protected by the Civil Rights Acts have expanded in recent years. 66 Harvard L.R. 1285, 1299. Whether or not this comment be correct we think the Federal jurisdiction does not cover a case such as the one before us.

The judgment dismissing the complaint is

Affirmed.

2. Brown v. Board of Education, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873, 38 A.L.R. 2d 1180; Hernandez v. State of Texas, 347 U.S. 475, 74 S.Ct. 667, 98 L.Ed. 866; Williams v. State of Georgia, 349 U.S. 375, 75 S.Ct. 814, 99 L.Ed. 1161; Smith v. Allwright, 321 U.S. 649, 64 S. Ct. 757, 88 L.Ed. 987.