Nell LYNN, Plaintiff,

v.

Judge J. Russell McELROY et al., Defendants.

Civ. A. No. 9357.

United States District Court
N. D. Alabama, S. D.

Sept. 16, 1959.

**662**

Nell Lynn, pro se.

Lange, Simpson, Robinson & Somerville, Reid B. Barnes, and Morgan & Shores, Birmingham, Ala., for defendants.

LYNNE, Chief Judge.

This cause, coming on to be heard, was submitted to the court on a motion of the defendants, separately and severally, to dismiss plaintiff's action. Essentially, defendants contend that the complaint fails to state a claim arising under the Constitution and laws of the United States and, there being no diversity, no jurisdiction is shown in this court of the case made by the complaint.

The complaint abounds in conclusions, but averments of fact characterizing the wrongs which the defendants are supposed to have committed are almost entirely, if not completely, nonexistent. The defendants are accused, without specification or characterization of name, time, occasion, or nature, and entirely without supporting facts, of conspiring and threatening, intimidating and bribing witnesses who have testified on behalf of plaintiff in an action in the State court (Par. 1), of filing false answers to motions (Par. 2), of being guilty of fraudulent concealment amounting to fraud (Par. 3), of falsifying official court records (Par. 4), of victimizing plaintiff (Par. 5), of denying plaintiff representation by counsel and of making it impossible by bribes, intimidation and other influence for plaintiff to trust anyone (Par. 6), of threatening plaintiff because she gave evidence to the Internal Revenue and divisions of the Department of Justice (Par. 7), of threatening plaintiff's life (Par. 8), of threatening, bribing and intimidating plaintiff's detective (Par. 10), and of collaborating with many high officials of the State of Alabama and the City of Birmingham (Par. 13) and of telling lies in order to defend their actions (Par. 14). There is a complete and unexplained failure to name or characterize the person, occasion or nature of any such conspiracy, threat, intimidation, or fraud.

■■ There is an absence of averment that any of the defendants were acting under color of any statute, ordinance, regulation, custom or usage of the State and, although all of the defendants, except the attorneys who represented the defendants in the State court case, are described in the caption of the complaint as being officers of the State of Alabama, there is no charge that they acted in their capacities as such in the discharge of their official duties or under color or guise of their respective offices. While Section 1985 of Title 42 U.S.C.A. (the only provision of Federal law expressly

invoked by the plaintiff as creating a right of action arising under the laws of the United States) is not by its terms restricted to acts of public officials acting in the discharge of the duties of their office or under color thereof, and may, therefore, be applied to the actions of individuals in their private capacities, this section, as far as obstructing justice in any State court proceeding is concerned, is limited to conspiracies or acts committed with the intent to effect a denial of the equal protection of the laws. No such charge is made in the complaint, as far as this court can discern or infer. The essential element of intention or purposeful discrimination with respect to a particular class or person, necessary to establish a denial of equal protection of the laws, is not present in this complaint and its absence renders the complaint defective. Snowden v. Hughes, 321 U.S. 1, 64 S.Ct. 397, 88 L.Ed. 497.

There is no showing of deprivation of privileges or immunities of a citizen of the United States (see Hague v. C.I.O., 307 U.S. 496, 59 S.Ct. 954, 83 L.Ed. 1423), obstruction of justice in a Federal proceeding, or other act proscribed in Section 1985.

If the complaint contained an allegation that the defendants, or any of them, were acting under color of statute, the charges nevertheless could be related logically only to the procurement of an adverse judgment rendered against the plaintiff in a suit by her for slander in the Circuit Court for the Tenth Judicial Circuit of Alabama.

■ As far as the judges of that court, who are made defendants, are concerned, if they did anything in their official capacity, it would necessarily have been in the discharge of a judicial function. The immunity from liability and damages for judicial acts inherent in the common law, and recognized under the decisions of the Supreme Court of Alabama even in cases of deliberate wrong or corruption,[1] was neither destroyed nor abrogated by the Civil Rights Acts.[2]

While there appears to be a contrary decision in the Third Circuit, Picking v. Pennsylvania R. Co., 3 Cir., 151 F.2d 240, this is the minority view, according to this court's research, and was decided prior to the decision of the Supreme Court of the United States in Tenney v. Brandhove, supra, as pointed out in Cuiksa v. City of Mansfield, supra.

As to the other public officials who are impleaded as parties defendant, including the Circuit Solicitor, the Clerk of the Circuit Court, the Register in Chancery and the Probate Judge of Jefferson County, there is a dearth of description of the acts supposed to have been committed by them and there is no basis for an inference that any one of them was acting in the discharge of his official duties or under color of law. It is difficult to imagine what the Solicitor, the officer charged with prosecuting criminal cases, would have to do with the plaintiff's civil action for slander or in what manner the actions of the Judge of Probate could be connected therewith. While the duties of the Clerk or the Register, of course, are connected with the functions of the Circuit Court, there is no attempt to describe, with any degree of particularity, the wrongs which they are sup-

1. Pickett v. Richardson, 223 Ala. 683, 138 So. 274, 276, citing Coleman v. Roberts, 113 Ala. 323, 21 So. 449, 36 L.R.A. 84, 59 Am.St.Rep. 111; Early v. Fitzpatrick, 161 Ala. 171, 49 So. 686, 135 Am.St. Rep. 123; Duffin v. Summerville, 9 Ala. App. 573, 577, 63 So. 816; Scott v. Ryan, 115 Ala. 587, 22 So. 284; State ex rel. Krasner v. Alabama Alcoholic Beverage Control Board, 246 Ala. 198, 19 So.2d 841; Kelly v. Moore, 51 Ala. 364.

2. Kenney v. Fox, 6 Cir., 232 F.2d 288; Cuiksa v. City of Mansfield, 6 Cir., 250 F.2d 700; Tenney v. Brandhove, 341 U.S. 367, 71 S.Ct. 783, 95 L.Ed. 1019 (dealing with analogous immunities of officers discharging legislative functions under the State law); Skinner v. Nehrt, 7 Cir., 242 F.2d 573; Francis v. Crafts, 1 Cir., 203 F.2d 809; Tate v. Arnold, 8 Cir., 223 F.2d 782; and many other decisions cited in the annotation, Note 51, under Section 1983 of Title 42, commencing on page 98. See also the Pocket Part, page 26.

posed to have perpetrated. The same comment applies to the private attorneys for the adverse parties to the slander suit who, although officers of the Court, cannot conceivably be guilty of state action in representing the defendants and in their efforts to defeat plaintiff's right of recovery.

Even though there were the averment of a conclusion in the complaint of official action or action under color of statute, ordinance, usage or custom of the State, and there is none, this would not suffice for the statement of a claim under either Section 1983 or Section 1985. DeLoach v. Rogers, 5 Cir., 268 F.2d 928.

The court concludes that, under the most favorable construction in plaintiff's behalf and treating all amendable defects as amended, plaintiff has stated at most a claim cognizable under the law of the State and not one arising under the Constitution and laws of the United States. Indeed, the great majority of the charges against the defendants in the complaint, averred by way of conclusion only, are stated to be in violation of specified sections of the Code of Alabama.

The court is of the opinion that the complaint does not state a claim upon which relief can be granted against any of the defendants in this court.

It is, therefore, ordered, adjudged and decreed that the complaint be and is dismissed, and plaintiff is granted 30 days within which to amend her complaint if she is so advised.

The court file reveals that plaintiff has given notice of the oral examination of the Governor of Alabama, Honorable John Patterson, scheduled according to the notice on September 18, 1959. The court is of the opinion that under the circumstances all discovery depositions and proceedings should be stayed until after an amendment to the complaint by plaintiff and until further orders of this court.

It is, therefore, ordered, adjudged and decreed that the oral examination of the Governor of Alabama be stayed subject to further orders of this court.