281 F.2d 789
 Billy BALL, Appellant,
v.
Joe YARBOROUGH, as an Individual and as President of the
City Council of Perry, Florida, and Moye
Construction Company, of Perry and
Deland, Florida, Appellees.
 No. 17852.
 United States Court of Appeals Fifth Circuit.
 Aug. 30, 1960.
 
 Robert L. Cork, Valdosta, Ga., for appellant.
 W. Dexter Douglass, Tallahassee, Fla., Bryon Butler, John S. Burton, Perry, Fla., for appellees.
 Before CAMERON, JONES and BROWN, Circuit Judges.
 PER CURIAM.
 
 
 1
 This appeal by Billy Ball, plaintiff below, is from a dismissal for want of jurisdiction of his complaint as amended, charging appellees, defendants below, with a conspiracy which prevented him from enjoying his federal rights as guaranteed by 42 U.S.C.A. 1981-1985. The court first dismissed the complaint and permitted appellant to amend and then dismissed the complaint as amended. The sole question presented is whether the complaint, as amended, stated a violation of appellant's 'Civil Rights' as guaranteed to him by 'the Federal Law and by the Statutes.'
 
 
 2
 Appellant instituted this action against the appellees, Joe Yarborough, as an individual and as President of the City Council of Perry, Florida, and the Moye Construction Company, seeking to recover damages in the amount of $4,077.50 allegedly sustained when the appellees conspired to terminate appellant's employment by appellee Moye in violation of his federally guaranteed rights. It was alleged that appellee Yarborough was acting under color of office and color of authority of the City Council of Perry, Florida at the time he entered into the conspiracy with the officers of Moye to have appellant discharged from Moye's employment subsequent to, and by reason of, his appearance in court as a witness against the chief of police of Perry, Florida. It was further alleged that Yarborough had threatened to procure the discharge of appellant if he did so testify.
 
 
 3
 The court below heard the complaint, as amended, and entered an order dismissing it because the facts alleged did not sustain federal jurisdiction.[1]
 
 
 4
 We think the case was correcly decided by the district court and that decision in controlled by cases decided by this Court, e.g., deloach v. Rogers, 1959, 268 F.2d 928, and Simmons v. Whitaker,[2] 1958, 252 F.2d 224, and the large number of cases discussed and cited in those two. And we think that the cases from this Court are in line with the decisions of the Supreme Court of which Snowden v. Hughes, 1943, 321 U.S. 1, 64 S.Ct. 397, 88 L.Ed. 497, is an example. The judgment of the lower court is, therefore,
 
 
 5
 Affirmed.
 
 
 6
 JOHN R. BROWN, Circuit Judge, concurs in the result.
 
 
 
 [1]
 The reasons for the dismissal, as stated in the final order, are these:
 'The cause having been resubmitted on the amended complaint of plaintiff, to which defendant renewed his motion, respective counsel agreed to submit the matter upon memoranda and waive hearing. The Court has now carefully considered the merits of the complaint and is of the opinion that the injury alleged therein is not within the protection of 42 U.S.C.A. 1983 et seq. It further affirmatively appears that the Court has no jurisdiction over the cause under 28 U.S.C.A. 1332.'
 There is no contention that diversity jurisdiction existed and our consideration is confined solely to the question whether the complaint stated a claim under the federal statutes relied upon.
 
 
 [2]
 And cf. Baldwin v. Morgan, 5 Cir., 1958, 251 F.2d 780; Kilgore v. McKethan, 5 Cir., 1953, 205 F.2d 425; Ferrer v. Fronton Exhibition Co., 5 Cir., 1951, 188 F.2d 954
 Nor do we find the authorities relied on by appellant in his original brief, Robeson v. Fanelli, D.C.N.Y.1950. 94 F.Supp. 62, and Burt v. City of New York, 2 Cir., 1946, 156 F.2d 791; or those relied upon in the reply brief, such as Hague v. Committee for Industrial Organization, 1938, 307 U.S. 496, 59 S.Ct. 954, 83 L.Ed. 1423; Joslin Manufacturing Co. v. City of Providence, 1923, 262 U.S. 668, 43 S.Ct. 684, 67 L.Ed. 1167; or Miles v. Armstrong, 7 Cir., 1953, 207 F.2d 284, to be at war with what is here decided.