**Nell LYNN, Appellant,**

v.

**Judge J. Russell McELROY et al., Appellees.**

**No. 18378.**

United States Court of Appeals Fifth Circuit.

Nov. 23, 1960.

Rehearing Denied Dec. 22, 1960.

Nell Lynn, in pro. per.

Reid B. Barnes, James L. Shores, Jr., Birmingham, Ala., for appellee.

Before RIVES, Chief Judge, and BROWN and WISDOM, Circuit Judges.

PER CURIAM.

The original complaint in this case invokes the Civil Rights Act, 42 U.S.C.A. § 1985, alleging a conspiracy to deprive the complainant of her rights, particularly her right to reveal to the proper authorities frauds (unalleged) against the United States. The defendants are a judge of the Probate Court of Jefferson County, Alabama, two judges of the Circuit Court of one of the judicial circuits in Alabama, the Circuit Solicitor, the Clerk of the Circuit Court, the Circuit Register in Chancery, and four attorneys who represented defendants in a state action for slander. The complaint was dismissed for failure to state a claim upon which relief could be granted against any of the defendants. Lynn v. McElroy, D.C.1959, 176 F.Supp. 661. The complaint was amended, alleging that the defendants, as agents of the State of Alabama, fraudulently instituted an incompetency proceeding against her, without notice, and that the proceeding was indexed in such a way as to prevent discovery of it. Neither the appellant nor the appellees have yet been able to discover the incompetency proceeding to which the amended complaint refers. The complaint prays the court to require the defendants to furnish "evidence requested", to pay the costs incurred in the slander suit, and to pay $100,000 as damages in the event the defendants fail or refuse to furnish the evidence. The

district court dismissed the amended complaint. The plaintiff then filed pleadings that might be taken as having the effect of a motion to set aside the judgment against her. She appeals in forma pauperis.

The Court has carefully considered the pleadings, the rulings and opinion of the trial judge, the briefs, and the arguments, giving weight to the earnestness with which the appellant has presented her case in propria persona. We are of the opinion that the judgment below must be affirmed.