Lloyd G. YATES, Plaintiff,

v.

**VILLAGE OF HOFFMAN ESTATES, IL-LINOIS, a Municipal Corporation, John O'Connell, and Patrick J. Muldowney, Defendants.**

No. 62 C 1530.

United States District Court
N. D. Illinois, E. D.

Oct. 29, 1962.

Charles A. Thomas and Edwin T. Powers, Jr., Rockford, Ill., for plaintiff.

Chino & Schultz, Chicago, Ill., for defendants.

WILL, District Judge.

This action arises under the Civil Rights Act, 42 U.S.C.A. § 1983:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

Jurisdiction is based on 28 U.S.C.A. § 1343:

> "The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:
>
> "(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States; * * *."

The Court has before it motions to dismiss by the two individual defendants (the Village, a municipal corporation, has been dismissed by stipulation). For purposes of deciding such motions all of plaintiff's well-pleaded allegations must be taken as true. Central Ice Cream Co. v. Golden Rod Ice Cream Co., 7 Cir. 1958, 257 F.2d 417, 418.

Plaintiff alleges that defendant Patrick J. Muldowney, Police Magistrate of the Village, issued a warrant charging Citizens Utility Co., plaintiff's employer, with violation of a municipal ordinance, and directed defendant John O'Connell, a police sergeant for the Village, to arrest plaintiff although plaintiff was not named in the warrant and was not charged with any offense. Allegedly, O'Connell arrested plaintiff, required him to accompany O'Connell to the village hall and to remain there until Muldowney returned, and denied to plaintiff an opportunity to consult with counsel. Plaintiff further alleges that when Muldowney arrived, although knowing that plaintiff had been arrested without cause (since he, Muldowney, had directed that it be done), he used abusive language toward plaintiff, denied him an opportunity to consult with counsel, and compelled him to post bond to obtain his release. For these asserted violations of 14th Amendment rights, and the alleged accompanying public disgrace and humiliation, plaintiff seeks $100,000 damages from each defendant. In addition, plaintiff contends that Muldowney acted maliciously and with an intent to injure, for which plaintiff seeks $100,000 exemplary and punitive damages.

Defendants' motions to dismiss are based on several grounds: (1) the relevant arrest warrant is not attached to the complaint, (2) there is no federal jurisdiction because plaintiff has adequate remedies available in the State courts, (3) both defendants are immune from civil liability for acts done in their official capacities, and (4) those allegations in the complaint which are not conclusory do not state a claim for which relief may be granted.

Plaintiff's failure to attach to his complaint the arrest warrant directed against Citizens Utility Co. is not fatal. He need not attach a document which, for purposes of deciding the motions to dismiss, the Court must assume does not

even purport to authorize the arrest with which the complaint is concerned.

■ The decision in Monroe v. Pape, 1961, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed. 2d 492, establishes conclusively that federal court jurisdiction exists in cases arising under the Civil Rights Act regardless of whether or not State court remedies also exist. 365 U.S. at 183, 81 S.Ct. 473. Consequently, defendants' second ground is untenable.

■ The same decision also holds that a police officer is not immune from civil liability for acts violating constitutionally protected rights merely because such acts occurred while the officer was performing his official duties. Thus defendant O'Connell is not immune from civil liability.

■ Defendant Muldowney asserts that the common law doctrine of judicial immunity precludes a finding of civil liability as to him, and in support of his assertion he cites Stift v. Lynch, 7 Cir. 1959, 267 F.2d 237; Skinner v. Nehrt, 7 Cir. 1957, 242 F.2d 573; and Peckham v. Scanlon, 7 Cir. 1957, 241 F.2d 761. However, none of these decisions is controlling here. Each says that judges "are immune from civil liability for acts done by them in the exercise of their judicial functions." 267 F.2d at 239; see also 242 F.2d at 575 (alternative holding) and 241 F.2d at 763 (dictum). In each case, the defendant was accused of improper judicial acts in litigation in which he had jurisdiction over the parties and subject matter.

■ A judge must be free from concern that civil liability will be sought by an unsuccessful litigant who ascribes his misfortune to judicial malice and corruption. Bradley v. Fisher, 1871, 80 U. S. (13 Wall.) 335, 348, 20 L.Ed. 646. Similarly, judicial independence requires immunity from civil liability resulting from the multitude of procedural decisions which must necessarily be rendered in each case heard (cf. 68 Harv.L.Rev. 1229, 1237 (1955)), even though a particular decision is erroneous (cf. Ryan v. Scoggin, 10 Cir. 1957, 245 F.2d 54, 58

(dictum)), or even malicious (cf. Cuiksa v. City of Mansfield, 6 Cir. 1957, 250 F.2d 700, 702 (dictum), cert. denied, 1958, 356 U.S. 937, 78 S.Ct. 779, 2 L.Ed.2d 813).

■ However, not every action by a judge is in exercise of his judicial function. For example, it is not a judicial function for a judge to commit an intentional tort even though the tort occurs in the courthouse. Cf. Vickrey v. Dunivan, 1955, 59 N.M. 90, 279 P.2d 853. And it is not a judicial function in this State for a magistrate to direct a police officer to arrest and to take into custody a person not named in a warrant (except a person who commits or attempts to commit a criminal offense in the magistrate's presence, Ill.Rev.Stat.1961, ch. 38, § 658, an exception which there is no reason to believe is applicable in the instant case).

■ Unlawful arrest under color of State law, if proved, could constitute a violation of the Civil Rights Act. Cf. Refoule v. Ellis, D.C.N.D.Ga.1947, 74 F. Supp. 336, 342 (dictum). Accordingly, both defendants' motions to dismiss must be denied. An appropriate order will be entered.