William C. CARRAWAY

v.

The JEFFERSON PARISH SCHOOL BOARD, comprised of George C. Gibson, James M. Hornsby, Kenneth J. Leithman, G. Robert Murphy, Paul M. Pope, Jr., Leon E. Soniat, Jr., etc.

Civ. A. No. 15756–B.

United States District Court
E. D. Louisiana,
New Orleans Division.
March 2, 1966.

William L. Von Hoene, New Orleans, La., for plaintiff.

John J. Maxwell, Metairie, La., for defendants.

FRANK B. ELLIS, District Judge.

This cause came on for hearing on a former day on motion of defendants to dismiss for 1) insufficiency of service of process, 2) failure to state a cause of action as to the School Board, and 3) failure to state a claim upon which relief can be granted, and, in the alternative, on motion of defendants for a more definite statement.

After having heard arguments of counsel and having studied the memorandums submitted and having read the 425 pages of depositions submitted by plaintiff, the Court is now ready to rule.

It is ordered that the motion of defendants to dismiss for failure to state a claim upon which relief can be granted be, and the same is hereby, granted. Consideration of the other grounds for dismissal and of the alternative motion being unnecessary, decision as to them is pretermitted.

## REASONS

Plaintiff has not favored us with a short and plain statement of the grounds upon which the Court's jurisdiction depends. Rule 8, F.R.Civ.P. The jurisdictional allegation, unspecified by plaintiff, was apparently to be § 1331, general federal question jurisdiction, or paragraphs (1), (3), and (4) of § 1343 of the Judicial Code.

The complaint alleges a cause of action under Title 42 U.S.C.A. §§ 1983 and 1985, "pertaining to conspiracy to interfere with Civil Rights by preventing an officer from performing duties and depriving persons of rights and privileges, particularly the due process clause of the 14th amendment to the Constitution of the United States." The memorandum limits the charge under § 1985 to the third paragraph of that section, apparently because a closer reading of paragraph one disclosed that it refers only to officers of the United States. The memorandum states that plaintiff "has been deprived of rights under the Federal Constitution * * *. Due processes and equal protection clauses of the Federal Constitution guarantee equal rights and protection under the law."

■■ A motion to dismiss for failure to state a claim upon which relief can be granted will not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); York v. Story, 324 F.2d 450, 453 (9th Cir. 1963). For this reason, we must assume that plaintiff can prove all the facts and circumstances alleged and argued; we will also assume that he can prove all those hinted at by the tenor and style of the questions counsel propounded to deponents. We offer our understanding of those facts and circumstances, as plaintiff views them:

The School Board established an Insurance Advisory Committee of four men. The purpose of establishing this Committee was solely to deprive plaintiff of his position as exclusive insurance agent for the Board, even though his past handling of the account had been faultless. The two Board members from each councilmanic district were to appoint an agent to the Committee. Plaintiff was appointed by the Board members from his councilmanic district, who still desire that plaintiff be on the Committee. The four members of the Committee elected plaintiff their chairman. The School Board, anxious to be rid of plaintiff, refused to recognize him as chairman, and in fact voted to have him removed from the Committee, over the objection of the two members who had appointed him, and thus contrary to its own resolution that had established the Committee. The reason for the removal included personal dislike of plaintiff, a desire to pass the insurance commissions on to political friends, and a politically-motivated

dislike of plaintiff's father-in-law, the District Attorney for the Parish.

We have already specified that we offer the above set of facts because a motion for dismissal takes as true all the plaintiff's allegations. By so offering the above facts we do not intend to express, and do not wish to be understood as expressing, any belief in their truth. We feel constrained to add, to insure that there be no misunderstanding, that a reading of the depositions offered by plaintiff revealed the possibility of an entirely different explanation of the occurrences leading to this lawsuit, namely, 1) that the purpose in setting up the Committee was to obtain the benefit of the services and advice of four paid agents, rather than one—since the commissions from the policies were formerly split on a 70–30 basis, 30% to the agent and 70% doled out to all the qualified agents in the Parish, who performed no service in return, the Board decided to get its money's worth by splitting 100% of the commissions among the four new advisors and then being free to call on them all for advice and service, 2) that the Board was justifiably dissatisfied with plaintiff's past performance in handling its business, 3) that the two Board members from each district were only to nominate an agent, with approval of the nomination, and right of removal, in the Board as a whole, 4) that plaintiff was not elected chairman of the Committee, and that further, the Board had the right to select the chairman, 5) that the mention of plaintiff's father-in-law was an outgrowth of a recommendation by the State Auditor that the Board's insurance agent not be related to the chief legal officer of the Parish, and 6) that the removal of plaintiff was occasioned by his refusal to cooperate with the Board and the Committee in its examination of the insurance program of the Board.

The Court has not been cited to, and has been unable to find, any jurisprudence that would support the granting of relief to plaintiff even if he were to prove all his allegations. The relationship between a principal and his insurance agent is one of trust and confidence in which the principal must be always able to dismiss the agent, for no reason or any reason, without any limitation as to permissible motives. The very nature of the service to be performed for the principal demands that the agent serve at the pleasure of the principal, subject to dismissal at his discretion or whim. Plaintiff would have us neglect that he, while a member of the Insurance Advisory Committee, was an insurance agent of the Board and nothing more. He did not have any right—constitutional, statutory, civil, contractual, property, or other—to the position of insurance agent for the Board or to membership on the Committee or to the commissions that would be earned by and accrue to the persons on that Committee.

In the most closely analogous case the Court could find, Hopkins v. Wasson, 227 F.Supp. 278 (E.D.Tenn.1962), aff'd 329 F.2d 67 (6th Cir. 1962), cert. den. 379 U.S. 854, 85 S.Ct. 102, 13 L.Ed.2d 57 (1964), a schoolteacher asserted that the defendant school officials had failed to rehire her at the end of the school term, because of "slanderous reasons which they uttered against her." The Court found she had no right to be rehired, because her contract had expired and she was not on tenure. There existed no right to continued employment, and the Court would not look in to the reasons for the failure to rehire, even though the employer was a governmental body.

In Ball v. Yarborough, 281 F.2d 789 (1960), the Fifth Circuit affirmed the dismissal of a complaint which alleged that a city official conspired with plaintiff's employer to have plaintiff discharged from his employment for testifying against the chief of police. This decision, also, indicates that the Constitution and laws of the United States do not generally create any right to continued employment.

There are exceptions to this general rule. Discharge from employment by an employer engaged in interstate commerce because of union activity is banned by the

Taft-Hartley Act, § 8(a) (3) [29 U.S. C.A. § 158(a) (3)], and cases thereunder; discharge from public employment that is shown to be based on racial discrimination is banned by the equal protection clause of the fourteenth amendment, see, e. g., Franklin v. County School Board of Giles County, 242 F.Supp. 371 (W.D. Va.1965); discharge from employment by employers engaged in interstate commerce who have the statutory minimum number of employees because of discrimination on racial and other grounds is banned by the Civil Rights Act of 1964, §§ 701–716, see § 703(a) [42 U.S.C.A. §§ 2000e to 2000e–15]. And the Second Circuit protected a teacher's expectancy of continued employment against invasion where the effect of the invasion would be to deny the teacher the federal privilege of serving on a jury. Bomar v. Keyes, 162 F.2d 136 (1947), cert. den. 332 U.S. 825, 68 S.Ct. 166, 92 L.Ed. 400 (1947), reh. den. 332 U.S. 845, 68 S.Ct. 266, 92 L.Ed. 416 (1947).

We see a common thread running through all these exceptions: there is a protected "right to employment" only where Congress or the Courts find that such a right is necessary to the preservation or effectuation of some other constitutional or statutory right. Employment *per se* is not a protected right; the due process clause of the fourteenth amendment is inapplicable to dismissals from employment, even from public employment, because there is nothing for it to operate on and prevent deprivation of.

Even less protection should be given to the confidential relationship between principal and insurance agent—absent a contract, there can be no "right to be insurance agent for governmental board". We can find no basis in law for the creation and protection of such a right.

Plaintiff urges that the Board did not comply with the terms of its own resolution when its dismissed him. This slight procedural defect, if it exists, is not sufficient to vitiate the validity of his dismissal. The fact remains that plaintiff had no substantive right to be a member of the Committee. It is undisputed that plaintiff's dismissal was upon a majority vote of the entire Board, which was the principal with whom he was dealing. We do not here have a regulatory agency which ignored the legislative guidelines and mandate or its own regulations with regard to the regulated area. As to the plaintiff, the School Board was not a regulatory agency but a mere principal, differing from other principals of the plaintiff only in size. With regard to its insurance program, the School Board has no duties to plaintiff; its duties run to the taxpayers and schoolchildren of Jefferson Parish.

As plaintiff has failed to state a claim upon which relief can be granted, his complaint must be dismissed; there is thus no need for consideration or decision of the other grounds urged for dismissal or of the alternative motion. The members of the School Board and their attorney are to be commended for their patience and co-operation in the handling of this matter and in the taking of the lengthy depositions which were involved in it.